UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BRYANT WILLIAMS** | **NO. 3:01cv1630 (AWT)** |
| **VS.** | **(PRISONER CASE)** |
| **A.J. MAIO, ET AL** | **DECEMBER 5, 2005** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS A.J. MAIO, C. RUBINO, SGT. STREETO, S. JOHNSON, E. DEJESUS, M. ORTIZ, H. MILLER, D. RUNLETT, K. TURNER AND S. SILK**

1. As to paragraph 1, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ a Sergeant Streeto, and, as to the remaining portion of this paragraph, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

2. As to paragraph 2, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ A.J. Maio, a police officer, and, as to the remaining portion of this paragraph, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

3. As to paragraph 3, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ C. Rubino, a police officer, and, as to the remaining portion of this paragraph, the

defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

4.     As to paragraph 4, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ S. Johnson, a police officer, and, as to the remaining portion of this paragraph, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

5.     As to paragraph 5, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ E. DeJesus, a police officer, and, as to the remaining portion of this paragraph, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

6.     As to paragraph 6, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ a Sergeant Emery, and, as to the remaining portion of this paragraph, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

7.     As to paragraph 7, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ M. Ortiz, a police officer, and, as to the remaining portion of this paragraph, the

defendants not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

8. As to paragraph 8, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ H. Miller, a police officer, and, as to the remaining portion of this paragraph, the defendants not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

9. As to paragraph 9, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ D. Runlett, a police officer, and, as to the remaining portion of this paragraph, the defendants not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

10. As to paragraph 10, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ K. Turner, a police officer, and, as to the remaining portion of this paragraph, the defendants not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

11. As to paragraph 11, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ S. Silks, a police officer, and, as to the remaining portion of this paragraph, the

defendants not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

12. As to paragraph 12, it is admitted that at the time of the incident alleged in the plaintiff's Complaint, the New Haven Department of Police Service had in its employ A. Rodriguez, a police officer, and, as to the remaining portion of this paragraph, the defendants not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

It is admitted by the appearing defendants that they were acting under color of law as that term has been defined by the Federal Courts, but it is denied that the plaintiff's rights were violated.

13. The material allegations contained in paragraph 13 are denied.

14. As to paragraph 14, while it is admitted that plaintiff sustained injuries to his facial area and that pepper spray was used, however, the material allegations contained in this paragraph as to the circumstances of plaintiff's injuries and the use of the pepper spray are denied. It is further admitted that the plaintiff was charged with various criminal offences. As to the remaining material allegations contained in this paragraph they are denied.

15. The material allegations contained in paragraph 15 are denied.

16. The material allegations contained in paragraph 16 are denied.

17. The material allegations contained in paragraph 17 are denied.

18. The material allegations contained in paragraph 18 are denied.

19. The material allegations contained in paragraph 19 are denied.

20. The material allegations contained in paragraph 20 are denied.

21. The material allegations contained in paragraph 21 are denied.

22. The material allegations contained in paragraph 22 are denied.

23. The material allegations contained in paragraph 23 are denied.

24. As to paragraph 24, it is admitted that at the time of the incident alleged in plaintiff's Complaint the New Haven Department of Police Service had in its employ a Sergeant Streeto; as to the capacity in which he is being sued, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof; as to the remaining portion of said paragraph, it is denied.

25. As to paragraph 25, it is admitted that at the time of the incident alleged in plaintiff's Complaint the New Haven Department of Police Service had in its employ as officers, A.J. Maio and C. Rubino; as to the capacity in which they are being sued, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof; as to the remaining portion of said paragraph, it is denied.

26. As to paragraph 26, it is admitted that at the time of the incident alleged in plaintiff's Complaint the New Haven Department of Police Service had in its employ as officers, S. Johnson, E. DeJesus, K. Turner and A. Rodriguez; as to the capacity in which they are being sued, the defendants do not have sufficient knowledge or

information upon which to form a belief, and therefore leave the plaintiff to his proof; as to the remaining portion of said paragraph, it is denied.

27. As to paragraph 27, it is admitted that at the time of the incident alleged in plaintiff's Complaint the New Haven Department of Police Service had in its employ a Sergeant K. Emery and had in its employ as officers, M. Ortiz, H Miller, D. Runlett and S. Silk; as to the capacity in which they are being sued, the defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof; as to the remaining portion of said paragraph, it is denied.

28. As to that portion of paragraph 28 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

29. As to that portion of paragraph 29 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

30. As to that portion of paragraph 30 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

31. As to that portion of paragraph 31 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

32. As to that portion of paragraph 32 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

33. As to that portion of paragraph 33 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

34. As to that portion of paragraph 34 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

35. As to that portion of paragraph 35 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

36. As to that portion of paragraph 36 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

37. As to that portion of paragraph 37 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

38. As to that portion of paragraph 38 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

39. As to that portion of paragraph 39 as sets forth a claim for relief, no response is required; and the remaining portion of said paragraph is denied.

40. Paragraph 40 is a claim for relief to which no response is required.

41. Paragraph 41 is a claim for a jury trial and a claim for relief to which no response is required.

## **FIRST AFFIRMATIVE DEFENSE**

1. At all relevant times, the above-named defendants were government employees whose actions were discretionary, and additionally, one or both of the following would apply:

(a) the defendants' actions did not violate any of the plaintiff's clearly established rights under the Constitutions and laws of the United States;

(b) it was objectively reasonable for the defendants to believe that their actions were lawful.

2. The above-named defendants are entitled to qualified immunity from suit for the actions alleged.

THE DEFENDANTS, A.J. MAIO, C. RUBINO,
SGT. STREETO, S. JOHNSON, E. DEJESUS,
M. ORTIZ, H. MILLER, D. RUNLETT,
K. TURNER AND S. SILK

/s/_____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th floor
New Haven, CT  06510
Telephone:  (203) 946-7970
Fax No.:  (203) 946-7942
E-mail:  mwolak@newhavenct.net
Fed. Bar No.:  ct12681

## **CERTIFICATION**

      **THIS IS TO CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on December 5, 2005, to the following pro se party:

Bryant Williams #205669
Osborn Correctional Institution
P.O. Box 100
Somers, CT  06071

                                                  /s/_____
                                                       Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D005\P003\00015005.DOC