UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**BRYANT WILLIAMS**                                             NO. 3:01cv1630 (AWT)

VS.

**A.J. MAIO, ET AL**                                              APRIL 9, 2007

## DEFENDANT'S TRIAL MEMORANDUM

**1.   TRIAL COUNSEL**

      Defendants:     Michael A. Wolak, III
                               Assistant Corporation Counsel
                               City of New Haven
                               165 Church Street
                               New Haven, CT  06510
                               Tel:  (203) 946-7970
                               Fax: (203) 946-7942
                               mwolak@newhavenct.net
                               Fed. Bar #c12681
                               Their Attorney

**2.   JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**3.   JURY/NON-JURY**

This is a jury case.

**4.   NATURE OF CASE**

It is presumed, though it is by no means certain, that plaintiff has brought this action pursuant to 42 U.S.C. § 1983, and he appears to be making claims for violations of his constitutional rights secured by the First, Fourth, Eighth and Fourteenth

1

Amendments to the Constitution of the United States. It is clear that the plaintiff is making claims of excessive force and failure to intervene. However, his apparent claims of retaliation, cruel and unusual punishment and violation of due process during the course of his arrest on October 25, 1998 are probably inappropriate considering the facts alleged in this matter. Additionally, plaintiff has sued the defendant police officers in their individual and official capacities, but with respect to the official capacity claims, there are not any facts alleged that would support such claims.

Defendants have denied the material allegations of the plaintiff's Complaint. By way of Affirmative Defense, defendants claim that they are entitled to qualified immunity.

5.   **DEFENDANTS WOULD STIPULATE TO THESE FACTS AND LAW**

    a)   At all relevant times the defendants were police officers employed by the by the New Haven Department of Police Service.

    b)   At all relevant times the defendants were acting under color of law.

    c)   On October 25, 1998 at approximately 12:34 a.m., the plaintiff was apprehended in the vicinity of 135 Edgewood Avenue in New Haven, and arrested.

6.   **DEFENDANTS' CONTENTIONS**

On October 25, 1998, defendants Maio and Rubino were performing a line patrol function as they were assigned to do by their District Manager, Lt. Raymond Hassett. Both officers were in uniform, and at approximately 12:34 a.m. were traveling eastbound on Edgewood Avenue in a marked patrol vehicle. On this date there was a standing "no trespassing" order on file with the New Haven Department of Police Service for the

property known as 135 Edgewood Avenue. Such standing order had been requested by Kensington Square Properties, the owner of the premises. Additionally, the building was posted with no trespassing signs.

As defendants Maio and Rubino approached 135 Edgewood Avenue they observed a group of individuals loitering about the front of 135 Edgewood Avenue. Two of the individuals, upon seeing the marked police car, ran in the direction of 14 Garden Street and two others ran towards 99 Edgewood Avenue. Approximately four individuals remained on the front steps of 135 Edgewood Avenue, including the plaintiff. These individuals were asked to disperse and three of them did leave, but the plaintiff remained on the front stairs, with his left hand in his left coat pocket. The plaintiff, continued to refuse to comply with the commands of defendants Maio and Rubino to leave the property. He also continued to keep his left hand in his left coat pocket, ignoring the requests of the officers to remove it so that they could see his hand.

Plaintiff was informed that he would be patted down for weapons because he refused the commands to leave the premises and refused to remove his hand from his pocket. Defendant Maio approached the plaintiff, who was still standing on the front stairs of 135 Edgewood Avenue, and when this defendant got near to him, the plaintiff punched him in the left eye / left temple area. The plaintiff then ran down the stairs and proceeded in an eastbound direction on Edgewood Avenue, towards 99 Edgewood Avenue. Defendant Rubino pursued the plaintiff and grabbed him from behind, at which point the plaintiff turned around and punched Rubino two times on the left side of his face.

Defendants Maio and Rubino became involved in a violent struggle with the plaintiff that ended up in the middle of Edgewood Avenue. As the struggle continued, defendant Maio used his pepper spray, which had little affect on the plaintiff. The plaintiff was eventually forced to the ground by defendant Rubino. Defendant Maio, during the course of the struggle, was able to get to his radio and make a call for assistance. Police officers arrived in response to the call for assistance, with Sgt. Emery, now retired, being one of the first, and he assisted defendants Maio and Rubino in bringing the plaintiff under control and getting him handcuffed. Other officers who came to the scene were probably used in crowd control. It should be noted that the three individuals who had left the front stairs at 135 Edgewood Avenue when told to do so by defendants Rubino and Maio, returned to the area where the struggle was taking place, and defendant Maio had to tell them to stay away and not become involved.

The plaintiff was taken to the Hospital of St. Raphael where a search incident to the arrest took place. Ziploc packages containing a green leaf-like substance were found on the plaintiff, pinned to his inner waist band.

7. **LEGAL ISSUES**

a)  Did the actions of defendants constitute, as a matter of law, the use of unreasonable force in violation of the Fourth and Fourteenth Amendments to the United States Constitution?

b)  Assuming that the actions of the defendants, or any of them constituted, as a matter of law, the use of unreasonable force, did any of the defendants fail to intervene to prevent a defendant from using unreasonable force on the plaintiff?

      c)      Has the plaintiff alleged any other violation of federal law or the federal constitution?

      d)      Assuming the existence of a federal constitutional violation, are any of the defendants entitled to qualified immunity?

**8.**      **VOIR DIRE QUESTIONS**

      1)      This is a lawsuit for civil rights violations brought by a citizen against police officers. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you were chosen to serve on the jury?

      2)      Is there anyone here would prefer not to sit on a jury concerning a case of this kind?

      3)      Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers? If so, please explain.

      4.      Have you or anyone close to you ever been employed as a police officer or by any law enforcement agency in any capacity? If so, please explain.

      5.      Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

      6.      Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

      7.      Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or anyone close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence, which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13. Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club, organization or civil rights group which in any way is interested in the enforcement or the change of any law or laws, or which is in any other way concerned with policemen or law enforcement?

16. Have you or anyone close to you ever been arrested? If so, would this affect your ability to be fair and impartial in this case?

17. Has anyone here ever witnessed an arrest? If so, would this affect your ability to be fair and impartial in this case?

18. Have you or anyone you know, ever been harassed, assaulted or verbally abused by a police officer? If so, would this affect your ability to be fair and impartial in this case?

19. Have you ever witnessed an incident in which you felt that a police officer was harassing, assaulting or verbally abusing another person? If so, would this affect your ability to be fair and impartial in this case?

20. Have you ever been a party to or witnessed an incident in which you felt that a police officer or officers acting improperly or without just cause? If so, would this affect your ability to be fair and impartial in this case?

21. Have you, or has anyone close to you, ever been a party to the lawsuit? If so, please explain.

22. If you are married is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality.

23. There have been reports in newspapers and on television and radio about incidents involving police officers and members of the public. Though the incident alleged by the plaintiff is not similar to those reported, do any of you believe that what has been reported would influence you in any way if you were chosen to sit on a jury where misconduct by a police officer has been alleged?

**9.    LIST OF WITNESSES**

**Defendants:**

7

1.  Anthony J. Maio, 1 Union Avenue, New Haven, CT 06519. Officer Maio will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

2.  Christopher A. Rubino, 1 Union Avenue, New Haven, CT 06519. Detective Rubino will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

3.  Joseph L. Streeto, 1 Union Avenue, New Haven, CT 06519. Lieutenant Streeto will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

4.  Stephani L. Johnson, 1 Union Avenue, New Haven, CT 06519. Officer Johnson will testify as to her education and training as a police officer, and to her knowledge of observations and her participation in the events that took place on October 25, 1998, involving the plaintiff.

5.  Edwin DeJesus, 1 Union Avenue, New Haven, CT 06519. Officer DeJesus will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

6.  Michael Ortiz, 1 Union Avenue, New Haven, CT 06519. Officer Ortiz will testify as to his education and training as a police officer, and to his knowledge of

observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

      7.      Hollie A. Turtrani, 1 Union Avenue, New Haven, CT 06519.  Officer Tutrani will testify as to her education and training as a police officer, and to her knowledge of observations and her participation in the events that took place on October 25, 1998, involving the plaintiff.

      8.      Kelly N. Turner, 1 Union Avenue, New Haven, CT 06519.  Officer Turner will testify as to her education and training as a police officer, and to her knowledge of observations and her participation in the events that took place on October 25, 1998, involving the plaintiff.

      9.      David K. Runlett, 1 Union Avenue, New Haven, CT 06519.  Officer Runlett will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

      10.      David K. Silk, 1 Union Avenue, New Haven, CT 06519.  Officer Silk will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

      11.      Kevin J. Emery, East Haven, CT.  Former Sgt. Emery will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

10. **EXHIBITS**

   **Defendant:**

   | | | |
   |---|---|---|
   | Exhibits 1 - 4. | | Photographs of area of incident. |
   | Exhibit 5. | . | Map/Diagram of area of incident. |
   | Exhibit 6. | | Plaintiff's Criminal Record. |
   | Exhibits 7 etc. | | Possible photographs of plaintiff and certain defendants, if located. |

11. **DEPOSITION TESTIMONY**

   None.

12. **REQUESTS FOR JURY INSTRUCTION**

   Attached.

13. **ANTICIPATED EVIDENTIARY PROBLEMS**

   **Defendants:**

   Defendants have attached a limine motion with a supporting memorandum of law. This motion seeks to exclude any testimony or reference to any misconduct, Internal Values and Ethics complaints or proceedings, or any other type of disciplinary proceedings with respect to the defendants or other police officers.

14. **PROPOSED FINDINGS AND CONCLUSIONS**

   Not applicable.

15. **TRIAL TIME**

   Two to three days of trial time.

16. **FURTHER PROCEEDINGS**

   None anticipated.

**18.   ELECTION FOR TRIAL BY MAGISTRATE**

**Defendants:**

Defendants would agree to trial by Magistrate Judge.

                                        THE DEFENDANTS,


                              BY:/s/_____
                                        Michael A. Wolak, III
                                        Assistant Corporation Counsel
                                        City of New Haven
                                        165 Church Street
                                        New Haven, CT  06510
                                        Tel:  (203) 946-7970
                                        Fax:  (203) 946-7942
                                        mwolak@newhavenct.net
                                        Fed. Bar #c12681
                                        Their Attorney

                        CERTIFICATION OF SERVICE

        This is to certify that a copy of the foregoing was mailed, postage prepaid, on April 9, 2007, to the following pro se party:

Bryant Williams  # 205669
Enfield Correctional Institution
P. O. Box 1500
Enfield, CT  06082


                        /s/_____
                            Michael A. Wolak, III


J:\CYCOM32\WPDOCS\D022\P003\00012923.DOC