UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**BRYANT WILLIAMS**  NO. 3:01cv1630 (AWT)

**VS.**

**A.J. MAIO, ET AL**  APRIL 9, 2007

### MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
### RE:  OTHER MISCONDUCT

The defendants move the Court, *in limine*, to bar any evidence of, and prohibit any reference to, alleged "other misconduct" of the defendants, defense witnesses or other New Haven police officers.  This memorandum of law is submitted in support of the defendant's motion.

**ARGUMENT:**

    1.    <u>Evidence Of, Or Reference to, Allegations Of Other Misconduct Should Be Barred Because Such Evidence Is Generally Inadmissible And Highly Prejudicial</u>.

Defendants believe that the plaintiff may attempt to elicit testimony at trial regarding alleged "other misconduct" by police officers.  Allegations of "other misconduct" are generally not admissible under Rule 404 of the Federal Rules of Evidence.  Evidence of "other crimes, wrongs or acts" is not admissible under Rule 404(b) to prove character or propensity.  Fed. R. Evid. 404(b).  "Other misconduct" is admissible only if it is clearly probative of one of the other matters listed in Rule 404(b) and its probative value outweighs its prejudicial effect.  See <u>Ricketts v. City of Hartford</u>,

74 F.3d 1397 (2nd Cir. 1996) (holding trial court did not abuse its discretion in precluding inquiry into prior citizen's complaint against defendant that alleged conduct that was not substantially identical to the conduct at issue); Berkovich v. Hicks. 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding evidence of prior civilian complaints properly excluded where officer was exonerated on six of seven complaints and complaints did not show *modus operandi* claimed).

Any reference before the jury to irrelevant allegations of "other misconduct" would be severely prejudicial to the defendants. The defendants submit that, at minimum, the plaintiff should be required to seek the Court's permission out to the hearing of the jury prior to making any reference to alleged "other misconduct."

**CONCLUSION:**

For all the foregoing reasons the defendant's Motion in Limine should be granted in its entirety.

    THE DEFENDANTS,

    BY: /s/_____
        Michael A. Wolak, III
        Assistant Corporation Counsel
        City of New Haven
        165 Church Street
        New Haven, CT  06510
        Tel:  (203) 946-7970
        Fax:  (203) 946-7942
        Mwolak@newhavenct.net
        Fed. Bar #ct12681
        Their Attorney

CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on April 9, 2007, to the following pro se party:

Bryant Williams  # 205669
Enfield Correctional Institution
P. O. Box 1500
Enfield, CT  06082


                /s/_____
                    Michael A. Wolak, III