UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRYANT WILLIAMS,** | : | |
| | : | **CIVIL ACTION NO.** |
| Plaintiff | : | **3:01CV1630 (AWT)(DFM)** |
| | : | |
| v. | : | |
| | : | |
| **ANTHONY J. MAIO, CHRISTOPHER A.** | : | |
| **RUBINO, STEPHANI L. JOHNSON,** | : | |
| **EDWIN DEJESUS, MICHAEL ORTIZ,** | : | |
| **HOLLIE A. TUTRANI (f/k/a Miller),** | : | |
| **DAVID K. RUNLETT, KELLY TURNER,** | : | |
| **JOSEPH L. STREETO, STEVEN G. SILK** | : | |
| **and KEVIN EMORY,** | : | |
| | : | |
| Defendants. | : | **August 8, 2007** |

## FIRST AMENDED COMPLAINT

1. This action is brought by the plaintiff pursuant to 42 U.S.C. § 1983 and the common law to redress the violations by defendants of the plaintiffs' civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and the common law. Federal jurisdiction is appropriate in this case pursuant to 28 U.S.C. §§ 1331 and 1343 and venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b).

2. At all times relevant hereto, the individual defendants were police officers employed by the New Haven Police Department in New Haven, Connecticut. At all times relevant hereto, each defendant acted under color of law.

## FACTS

3. On or about Sunday October 25, 1998, at 12:30 p.m. plaintiff Bryant Williams was seated on the front porch of the building in which his mother resides located at 135 Edgewood Avenue in New Haven, Connecticut.

4.      Defendants Maio and Rubino approached Mr. Williams on the porch. Neither Maio nor Rubino attempted to determine whether Mr. Williams lived at the property or whether he had a lawful right to be there.

5.      Defendant Maio approached Mr. Williams and stated, "Come here. We got you now, Gerald." Mr. Williams, whose first name is "Bryant," has a brother named "Gerald."

6.      On information and belief, Mr. Williams' brother Gerald had been involved in a foot chase with members of the New Haven Police Department the previous night.

7.      Defendant Maio grabbed Mr. Williams by the shirt with his left hand and began to remove Mr. Williams from the porch.

8.      Mr. Williams pulled away from the grasp of defendant Maio causing Mr. Williams shirt to rip.

9.      Defendant Maio then punched Mr. Williams with his right hand, knocking Mr. Williams' tooth through his lip.

10.     Defendant Maio then dragged Mr. Williams off the front porch of 135 Edgewood Avenue and onto the sidewalk.

11.     Defendant Rubino then tackled Mr. Williams, knocking him to the ground.

12.     Defendant Rubino then held Mr. Williams down pinning his hands to his chest.

13.     While Mr. Williams was being held on the ground by defendant Rubino, defendant Maio struck Mr. Williams in the head with a flashlight several times. Defendant Maio then placed Mr. Williams in a choke hold. Mr. Williams lost consciousness.

14.     Other New Haven Police officers arrived at the scene while Mr. Williams was being beaten including defendants Johnson, Dejesus, Ortiz, Miller-Tutrani, Runlett, Turner, Streeto, Silk and Emory.

15. When Mr. Williams regained consciousness, he was lying face down on the ground. Defendant Maio had drawn his gun and was pointing it at the back of Mr. Williams' head.

16. While Mr. Williams was lying face down on the ground, defendant Maio screamed at him to stop resisting and stop moving despite the fact that Mr. Williams was not resisting or moving.

17. While Mr. Williams was in the prone position on the ground with a gun pointed at the back of his head, defendant Rubino sprayed Mr. Williams in the face with pepper spray.

18. The pepper spray caused Mr. Williams to gasp for air and struggle for breath.

19. When Mr. Williams' mother appeared and requested that the defendants discontinue the use of excessive force against Mr. Williams, defendant Streeto told her to "shut the fuck up."

20. None of the police officers who arrived at the scene, including defendants Johnson, Dejesus, Ortiz, Miller-Tutrani, Runlett, Turner, Streeto, Silk and Emory attempted to assist Mr. Williams or stop their fellow officers from beating and/or using excessive force against Mr. Williams.

21. As a result of the wrongful conduct of defendants, plaintiff Bryant Williams suffered extensive physical injuries requiring hospitalization.

22. As a result of the wrongful conduct of defendants, plaintiff Bryant Williams suffered extreme pain and suffering and psychological harm.

**FIRST CLAIM FOR RELIEF**

(42 U.S.C. § 1983 Excessive Force against
defendants Maio and Rubino in their individual capacities)

23. Paragraphs 1-22 are incorporated herein.

24.     As a result of the excessive force utilized by defendants Maio and Rubino, Mr. Williams was denied his right to freedom from excessive force and unreasonable search and seizure of his person as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

25.     The acts and omissions set forth above were a substantial factor in causing the severe injuries suffered by Mr. Williams.

### SECOND CLAIM FOR RELIEF

(State Common Law Assault and Battery against
defendants Maio and Rubino in their individual capacities)

26.     Paragraphs 1-22 are incorporated herein.

27.     Defendants Maio and Rubino intended to cause harmful and offensive contact with Bryant Williams.

28.     Defendants Maio and Rubino intended to cause an imminent apprehension of harmful and offensive contact with Bryant Williams.

29.     Harmful contact with Bryant Williams resulted.

30.     Bryant Williams did not consent to the contact.

31.     Defendants Maio and Rubino recklessly disregarded the consequences of their actions.

32.     The acts and omissions set forth above were a substantial factor in causing the severe injuries suffered by Mr. Williams.

### THIRD CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress against
defendants Maio and Rubino in their individual capacities)

33.     Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 22.

34. The defendants intended to inflict emotional distress on Mr. Williams or knew or should have known that distress was the likely result of their conduct.

35. The defendants' conduct was extreme and outrageous.

36. The defendants' conduct was a substantial factor in causing Mr. Williams' emotional distress.

37. The emotional distress sustained by Mr. Williams' was severe.

## FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 Failure to Intervene and Protect against
defendants Johnson, Dejesus, Ortiz, Miller-Tutrani, Runlett,
Turner, Streeto, Silk and Emory in their individual capacities)

38. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 22.

39. Each of the defendants named in this claim for relief knew that defendants Maio and Rubino were using excessive force against Mr. Williams.

40. Each of the defendants named in this claim for relief could have taken action to stop the use of excessive force and to prevent injury to Mr. Williams, but refused and failed to do so.

41. Each defendant failed to protect Mr. Williams from the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

42. The acts and omissions set forth above were a substantial factor in causing the severe injuries suffered by Mr. Williams.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Bryant Williams prays for relief as follows:

1. For compensatory damages according to proof;

2. For punitive damages;

3. For costs and reasonable attorneys fees; and,

4. For such further relief as the Court deems just and proper.

Dated: August 8, 2007

                      THE PLAINTIFF

                      By_____/s/_____
                      Sean K. McElligott Esq. (CT27030)
                      Koskoff, Koskoff & Bieder, P.C.
                      350 Fairfield Avenue, 5th Floor
                      Bridgeport, CT  06604
                      Tele:(203)336-4421
                      Fax: (203)368-3244
                      smcelligott@koskoff.com

## **CERTIFICATION**

I hereby certify that on August 8, 2007 a copy of this First Amended Complaint was filed electronically pursuant to the Court's electronic filing system. Notice of this was sent by e-mail to all parties by operation of the Court's electronic filing system.

_____/s/_____
Sean K. McElligott