UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| **BRYANT WILLIAMS,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | **3:01CV1630 (AWT)(DFM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY J. MAIO, CHRISTOPHER A.** | : | |
| **RUBINO, STEPHANI L. JOHNSON,** | : | |
| **EDWIN DEJESUS, MICHAEL ORTIZ,** | : | |
| **HOLLIE A. TUTRANI (f/k/a Miller),** | : | |
| **DAVID K. RUNLETT, KELLY TURNER,** | : | |
| **JOSEPH L. STREETO, STEVEN G. SILK** | : | |
| **and KEVIN EMORY,** | : | |
| | : | |
| **Defendants.** | : | **September 13, 2007** |

**JOINT TRIAL MEMORANDUM**


1.     **TRIAL COUNSEL**

Plaintiff:          Sean K. McElligott
                    Koskoff, Koskoff & Bieder
                    350 Fairfield Avenue
                    Bridgeport, CT 06604
                    Tel:  (203) 336-4421
                    Fax: (203) 368-3244
                    smcelligott@koskoff.com
                    Fed. Bar # ct27030

Defendants:        Michael A. Wolak, III
                    Assistant Corporation Counsel
                    City of New Haven
                    165 Church Street
                    New Haven, CT  06510
                    Tel:  (203) 946-7970
                    Fax: (203) 946-7942
                    mwolak@newhavenct.net
                    Fed. Bar #ct12681

**2.**    **JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**3.**    **JURY/NON-JURY**

This is a jury case.

**4.**    **NATURE OF CASE**

This action is being brought by the plaintiff pursuant to 42 U.S.C. § 1983.  The claims contained in the plaintiff's complaint involve violations of his constitutional rights secured by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and the common law.  The plaintiff's claims are that the defendants used excessive force in arresting him and failure to intervene by those defendants who arrived on the scene and observed the excessive force and did nothing to stop it from continuing.  The defendants, however, believe the claims made by the plaintiff are inappropriate considering the facts alleged in this matter.

 **5.**    **PARTIES WILL STIPULATE TO THESE FACTS AND LAW**

a)    At all relevant times the defendants were police officers employed by the New Haven Department of Police Service.

b)    At all relevant times the defendants were acting under color of law.

c)    On October 25, 1998 at approximately 12:34 a.m., the plaintiff was apprehended in the vicinity of 135 Edgewood Avenue in New Haven, and arrested.

6.     **PLAINTIFF'S CONTENTION**

On or about Sunday October 25, 1998, at 12:30 p.m. plaintiff, Bryant Williams was seated on the front porch of the building in which his mother resides located at 135 Edgewood Avenue in New Haven, Connecticut.

The defendants, Maio and Rubino approached Mr. Williams on the porch.  Defendant Maio approached Mr. Williams and stated, "Come here. We got you now, Gerald."  Mr. Williams, whose first name is "Bryant," has a brother named "Gerald."  On information and belief, Mr. Williams' brother Gerald had been involved in a foot chase with members of the New Haven Police Department the previous night.

Defendant Maio grabbed Mr. Williams by the shirt with his left hand and began to remove Mr. Williams from the porch.  Mr. Williams pulled away from the grasp of defendant Maio causing Mr. Williams shirt to rip.  Defendant Maio then punched Mr. Williams with his right hand, knocking Mr. Williams' tooth through his lip.  Defendant Maio then dragged Mr. Williams off the front porch and onto the sidewalk.  Defendant Rubino then tackled Mr. Williams, knocking him to the ground.  Defendant Rubino then held Mr. Williams down pinning his hands to his chest.  While Mr. Williams was being held on the ground by defendant Rubino, defendant Maio struck Mr. Williams in the head with a flashlight several times.  Defendant Maio then placed Mr. Williams in a choke hold.   Mr. Williams lost consciousness.

Other New Haven Police officers arrived at the scene while Mr. Williams was being beaten including defendants Johnson, Dejesus, Ortiz, Miller-Tutrani, Runlett, Turner, Streeto, Silk and Emory.  When Mr. Williams regained consciousness, he was lying face down on the

ground.  Defendant Maio had drawn his gun and was pointing it at the back of Mr. Williams'

head.  While Mr. Williams was lying face down on the ground, defendant Maio screamed at him

to stop resisting and stop moving despite the fact that Mr. Williams was not resisting or moving.

While Mr. Williams was in the prone position on the ground with a gun pointed at the back of his

head, defendant Rubino sprayed Mr. Williams in the face with pepper spray.  The pepper spray

caused Mr. Williams to gasp for air and struggle for breath.   When Mr. Williams' mother

appeared and requested that the defendants discontinue the use of excessive force against Mr.

Williams, defendant Streeto told her to "shut the fuck up."   None of the police officers who

arrived at the scene, including defendants Johnson, Dejesus, Ortiz, Miller-Tutrani, Runlett,

Turner, Streeto, Silk and Emory attempted to assist Mr. Williams or stop their fellow officers

from beating and/or using excessive force against Mr. Williams.

As a result of the wrongful conduct of defendants, plaintiff Bryant Williams suffered

extensive physical injuries requiring hospitalization.  As a result of the wrongful conduct of

defendants, plaintiff Bryant Williams suffered extreme pain and suffering and psychological

harm.

### <u>DEFEDANTS' CONTENTIONS</u>

On October 25, 1998, defendants Maio and Rubino were performing a line patrol

function as they were assigned to do by their District Manager, Lt. Raymond Hassett.  Both

officers were in uniform, and at approximately 12:34 a.m. were traveling eastbound on

Edgewood Avenue in a marked patrol vehicle.   On this date there was a standing "no

trespassing" order on file with the New Haven Department of Police Service for the property

known as 135 Edgewood Avenue.   Such standing order had been requested by Kensington

Square Properties, the owner of the premises.  Additionally, the building was posted with no trespassing signs.

As defendants Maio and Rubino approached 135 Edgewood Avenue they observed a group of individuals loitering about the front of 135 Edgewood Avenue.  Two of the individuals, upon seeing the marked police car, ran in the direction of 14 Garden Street and two others ran towards 99 Edgewood Avenue.  Approximately four individuals remained on the front steps of 135 Edgewood Avenue, including the plaintiff.  These individuals were asked to disperse and three of them did leave, but the plaintiff remained on the front stairs, with his left hand in his left coat pocket.  The plaintiff, continued to refuse to comply with the commands of defendants Maio and Rubino to leave the property.  He also continued to keep his left hand in his left coat pocket, ignoring the requests of the officers to remove it so that they could see his hand.

Plaintiff was informed that he would be patted down for weapons because he refused the commands to leave the premises and refused to remove his hand from his pocket.  Defendant Maio approached the plaintiff, who was still standing on the front stairs of 135 Edgewood Avenue, and when this defendant got near to him, the plaintiff punched him in the left eye / left temple area.  The plaintiff then ran down the stairs and proceeded in an eastbound direction on Edgewood Avenue, towards 99 Edgewood Avenue.  Defendant Rubino pursued the plaintiff and grabbed him from behind, at which point the plaintiff turned around and punched Rubino two times on the left side of his face.

Defendants Maio and Rubino became involved in a violent struggle with the plaintiff that ended up in the middle of Edgewood Avenue.  As the struggle continued, defendant Maio used his pepper spray, which had little affect on the plaintiff.  The plaintiff was eventually forced to

the ground by defendant Rubino. Defendant Maio, during the course of the struggle, was able to get to his radio and make a call for assistance. Police officers arrived in response to the call for assistance, with Sgt. Emery, now retired, being one of the first, and he assisted defendants Maio and Rubino in bringing the plaintiff under control and getting him handcuffed. Other officers who came to the scene were probably used in crowd control. It should be noted that the three individuals who had left the front stairs at 135 Edgewood Avenue when told to do so by defendants Rubino and Maio, returned to the area where the struggle was taking place, and defendant Maio had to tell them to stay away and not become involved.

The plaintiff was taken to the Hospital of St. Raphael where a search incident to the arrest took place. Ziploc packages containing a green leaf-like substance were found on the plaintiff, pinned to his inner waist band.

## 7.    **LEGAL ISSUES**

a)    Did the actions of defendants constitute, as a matter of law, the use of unreasonable force in violation of the Fourth and Fourteenth Amendments to the United States Constitution?

b)    Assuming that the actions of the defendants, or any of them constituted, as a matter of law, the use of unreasonable force, did any of the defendants fail to intervene to prevent a defendant from using unreasonable force on the plaintiff?

c)    Has the plaintiff alleged any other violation of federal law or the federal constitution?

d)    Assuming the existence of a federal constitutional violation, are any of the defendants entitled to qualified immunity?

e)      Did the actions of the defendants constitute assault and battery or intentional infliction of emotional distress?

8.      **VOIR DIRE QUESTIONS**

1)      This is a lawsuit for civil rights violations brought by a citizen against police officers.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you were chosen to serve on the jury?

2)      Is there anyone here would prefer not to sit on a jury concerning a case of this kind?

3)      Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers?  If so, please explain.

4.      Have you or anyone close to you ever been employed as a police officer or by any law enforcement agency in any capacity?  If so, please explain.

5.      Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6.      Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.      Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8.      Has anyone here ever served as an appointed or elected official of state, city or local Government?

9.      Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10.     Has anyone here or anyone close to you ever been employed by an attorney?

11.     Would you for any reason tend to favor one side or the other in this case or in regard to the evidence, which may be presented?

12.     Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13.     Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14.     Have you or anyone close to you ever been the victim of a crime?

15.     Does anyone here belong to any club, organization or civil rights group which in any way is interested in the enforcement or the change of any law or laws, or which is in any other way concerned with policemen or law enforcement?

16.     Have you or anyone close to you ever been arrested?  If so, would this affect your ability to be fair and impartial in this case?

17.     Has anyone here ever witnessed an arrest?  If so, would this affect your ability to be fair and impartial in this case?

18.     Have you or anyone you know, ever been harassed, assaulted or verbally abused by a police officer?  If so, would this affect your ability to be fair and impartial in this case?

19.    Have you ever witnessed an incident in which you felt that a police officer was harassing, assaulting or verbally abusing another person?  If so, would this affect your ability to be fair and impartial in this case?

20.    Have you ever been a party to or witnessed an incident in which you felt that a police officer or officers acting improperly or without just cause?  If so, would this affect your ability to be fair and impartial in this case?

21.    Have you, or has anyone close to you, ever been a party to the lawsuit?  If so, please explain.

22.    If you are married is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality.

23.    There have been reports in newspapers and on television and radio about incidents involving police officers and members of the public.  Though the incident alleged by the plaintiff is not similar to those reported, do any of you believe that what has been reported would influence you in any way if you were chosen to sit on a jury where misconduct by a police officer has been alleged?

9.    **LIST OF WITNESSES**

**Plaintiff:**

1.    Bryant Williams, 289 Shaker Road, Enfield, CT.  The Plaintiff will testify to the events of October 25, 1998.

2.    Glenn King, 229 Orchard Street, New Haven, CT.  Mr. King will testify to his knowledge of observations to the events that took place on October 25, 1998, involving the plaintiff.

3.      Derek Montgomery, 135 Edgewood Avenue, New Haven, CT.  Mr. Montgomery will testify to his knowledge of observations to the events that took place on October 25, 1998, involving the plaintiff.

4.      Mary Kennedy will testify to the events of October 25, 1998.

5.      Brian Footlit will testify to the events of October 25, 1998.

6.      Sai Sudhakar, M. D. will testify to the events of October 25, 1998.

7.      Plaintiff's investigation of the incident is ongoing and further witnesses of the events of October 25, 1998 may come to light.

8.      Laura Watts will testify to the events of October 25, 1998.

9.      Jerald Williams will testify to the events of October 25, 1998.

10.     David Watts will testify to the events of October 25, 1998.

**Defendant:**

1.      Anthony J. Maio, 1 Union Avenue, New Haven, CT 06519.  Officer Maio will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

2.      Christopher A. Rubino, 1 Union Avenue, New Haven, CT 06519.  Detective Rubino will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

3.      Joseph L. Streeto, 1 Union  Avenue, New Haven, CT 06519.  Lieutenant Streeto will testify as to his education and training as a police officer, and to his knowledge of

observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

4.       Stephani L. Johnson, 1 Union Avenue, New Haven, CT 06519.  Officer Johnson will testify as to her education and training as a police officer, and to her knowledge of observations and her participation in the events that took place on October 25, 1998, involving the plaintiff.

5.       Edwin DeJesus, 1 Union  Avenue, New Haven, CT 06519.  Officer DeJesus will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

6.       Michael Ortiz, 1 Union  Avenue, New Haven, CT 06519.  Officer Ortiz will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

7.       Hollie A. Turtrani, 1 Union Avenue, New Haven, CT 06519.  Officer Tutrani will testify as to her education and training as a police officer, and to her knowledge of observations and her participation in the events that took place on October 25, 1998, involving the plaintiff.

8.       Kelly N. Turner, 1 Union Avenue, New Haven, CT 06519.  Officer Turner will testify as to her education and training as a police officer, and to her knowledge of observations and her participation in the events that took place on October 25, 1998, involving the plaintiff.

9.       David K. Runlett, 1 Union  Avenue, New Haven, CT 06519.  Officer Runlett will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

10.    David K. Silk, 1 Union Avenue, New Haven, CT 06519.  Officer Silk will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

11.    Kevin J. Emery, East Haven, CT.  Former Sgt. Emery will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on October 25, 1998, involving the plaintiff.

## 10.    <u>EXHIBITS</u>

**Plaintiff:**

Exhibits 1 - 4.    Photographs of area of incident.

Exhibit 5.    Records from American Medical Response

Exhibit 6.    Medical records from Hospital of St. Raphael

Exhibits 7    Photograph of plaintiff from night of incident

Exhibit 8    Reports concerning past misconduct of the defendants

**Defendant:**

Exhibits 1 - 4.    Photographs of area of incident.

Exhibit 5.    .Map/Diagram of area of incident.

Exhibit 6.    Plaintiff's Criminal Record.

Exhibits 7 etc. Possible photographs of plaintiff and certain defendants, if located.

## 11.    <u>DEPOSITION TESTIMONY</u>

None.

**12.**    **REQUESTS FOR JURY INSTRUCTION**

Plaintiff's Jury Instruction is attached.

Defendants have previously filed jury instructions on 4/9/07.

**13.**    **ANTICIPATED EVIDENTIARY PROBLEMS**

**Plaintiff:**

Plaintiff will be filing a motion in limine regarding excluding references to Mr. Williams' criminal record and previous conviction for assaulting a police officer arising out of the incident that is the subject of this lawsuit.

**Defendants:**

Defendants have previously filed a Motion in Limine with supporting documents on 4/9/07 and are relying on these.

**14.**    **PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

**15.**    **TRIAL TIME**

Two to three days of trial time.

**16.**    **FURTHER PROCEEDINGS**

None anticipated.

**18.**    **ELECTION FOR TRIAL BY MAGISTRATE**

**Plaintiff:**

Plaintiff will agree to trial by Magistrate Judge.

**Defendants:**

Defendants would agree to trial by Magistrate Judge.

THE PLAINTIFF,


BY:_____

      Sean K. McElligott
      Koskoff, Koskoff & Bieder
      350 Fairfield Avenue
      Bridgeport, CT  06604
      Tel:  (203) 336-4421
      Fax:  (203) 368-3244
      smcelligott@koskoff.com
      Fed. Bar # ct27030



      THE DEFENDANTS,


BY: _____

      Michael A. Wolak, III
      Assistant Corporation Counsel
      City of New Haven
      165 Church Street
      New Haven, CT  06510
      Tel:  (203) 946-7970
      Fax: (203) 946-7942
      mwolak@newhavenct.net
      Fed. Bar # ct12681