## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRYANT WILLIAMS,** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | **3:01CV1630 (AWT)(DFM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY J. MAIO, CHRISTOPHER A.** | : | |
| **RUBINO, STEPHANI L. JOHNSON,** | : | |
| **EDWIN DEJESUS, MICHAEL ORTIZ,** | : | |
| **HOLLIE A. TUTRANI (f/k/a Miller),** | : | |
| **DAVID K. RUNLETT, KELLY TURNER,** | : | |
| **JOSEPH L. STREETO, STEVEN G. SILK** | : | |
| **and KEVIN EMORY,** | : | |
| **Defendants.** | : | **September 13, 2007** |


## PLAINTIFF'S PROPOSED JURY CHARGE

## INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of the parties. This brings us to the stage in the trial where you will soon undertake your final function as jurors. First, however, it is my duty to instruct you concerning the law that applies to this case.

You must take the law as I give it to you. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the view instructed by me. If any party or any witness or any exhibit has stated a legal principle different from one that I state to you in these instructions, it is my instructions that you must follow. My instructions are the only ones that establish the law for your deliberations. You must take the law as I give it to you.

- 1 -

When you recess to deliberate, you will have your copy of my instructions on the law for your reference. You must remember, though, that the instructions as a whole constitute the law of this case; you should not single out any one instruction.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration. The instructions that I now will give are the final and complete instructions. If you believe that what I am going to tell you now is not consistent with the instructions I gave you at the start of the trial, you should not rely on anything different that I may have said in the preliminary instructions. The instructions I am now giving you must guide your deliberations in this case.

**ROLE OF JURORS**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law. All persons and parties stand equal before the law and are to be dealt with as equals in this, a court of justice. I know that you will do this and in that way reach a just and true verdict.

You should be guided solely by the evidence presented during trial, without regard to the

consequences of your decision. You have been chosen to try the issues of fact and to reach a

verdict on the basis of the evidence or lack of evidence. If you let sympathy or bias interfere

with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I have not expressed, nor do I

now indicate in this charge, any opinion as to the facts or as to what your verdict should be. The

rulings I have made during the trial are not any indication of a view of what your decision should

be as to whether or not Mr. Williams has proven his case. Of course, you will dismiss from your

mind completely any evidence which has been ruled out of the case by the court, and you will

refrain from speculation or conjecture or any guesswork about the nature or effect of any

colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I asked

questions of or gave instructions to certain witnesses. These questions and instructions were

only intended for clarification or to expedite matters and certainly were not intended to suggest

any opinion on my part as to the verdict you should render, or as to whether any of the witnesses

may have been more or less credible than any other witnesses.

You may also not draw any inference from the mere fact that the Mr. Williams has filed

this lawsuit.

As to the facts, you are the exclusive judges, and you are to perform the duty of finding

the facts fairly, without bias or prejudice to any party.

**ROLE OF ATTORNEYS**

It is the duty of the lawyers to object when the other side offers testimony or other evidence that they believe is not properly admissible.  Each side also has the right and duty to ask the court to make rulings of law.

All those questions of law must be decided by the court.  You should not show any prejudice against a party because an attorney objected to the admissibility of evidence, or asked the court to rule on the law.

**BURDEN OF PROOF**

In a civil case such as this case is, the plaintiff must prove his claims by a preponderance of the evidence.  In order to prove any of his claims, Mr. Williams must prove each of the elements of a claim, as I will describe these elements to you, by a preponderance of the evidence. The defendants do not have to prove that they are not liable; the burden of proof for each of Mr. Williams' claims is on Mr. Williams.

In determining whether Mr. Williams has satisfied his burden, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  Therefore, as to any of his claims, a plaintiff must prove more than simple equality of evidence.  If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then the plaintiff has failed to sustain his burden, and you must decide that issue against the plaintiff.

However, a plaintiff need prove no more than a preponderance.  As I indicated, a preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. So long as you find that the scales tip, however slightly, in favor of a party who has the burden of proof on an element, then that element will have been proven by a preponderance of the evidence.

You may have heard the phrase "proof beyond a reasonable doubt" in connection with other cases. That standard is the proper standard of proof in a criminal trial.  That standard does not apply to a civil case, such as this, and you should not consider it in this case.

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof. I may also speak of your "finding" various facts as to elements of the claims made in this case. You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence" even if I do not always repeat all these exact words. Similarly, when I say that you must "find" a fact in order to return a verdict in favor of a plaintiff or a defendant, you must find that fact to have been proven by a preponderance of the evidence even if I simply use the word "find."

**WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence, as full exhibits, without regard to which side offered the witness or exhibit.

It is the witnesses' answers and not the lawyers' questions that are evidence. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if the statement was true. If the witness admitted the truth of the statement, then you may consider it true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. Similarly, if a party described a witness's testimony, you should not accept that as the witness's testimony. It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses, and the parties are not witnesses except when they are on the witness stand and testifying as witnesses. What the lawyers and parties have said in their closing arguments, in their objections, or in their questions is not evidence. What they have said in their closing arguments is intended to help you understand the evidence and to reach your

verdict.  However, if your recollection of the facts differs from what a party says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  In certain instances evidence was admitted only for a particular purpose and not generally for all purposes.  For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence.  My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  Finally, anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial in the courtroom.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he or she saw, heard or observed.  In other words, when a witness testifies about something he or she knows by virtue of his or her own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude

that other facts exist.  Remember my rain example –  it would be reasonable and logical for you

to conclude that it is raining.  It is not the only conclusion you could reach, nor would you have

to reach that conclusion, but you could do so reasonably and logically.  All there is to

circumstantial evidence is that you infer on the basis of reason, experience, and common sense,

from one or more established facts—in my example, people with wet umbrellas and raincoats,

and the forecast—the existence or non-existence of some other fact—that it is raining.

      Circumstantial evidence is of no less value than direct evidence.  It is a general rule that

the law makes no distinction between direct and circumstantial evidence, but simply requires that

your verdict must be based on a preponderance of all the evidence presented.

**INFERENCES**

In their arguments, the parties may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess or speculation. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence. Mr. Williams asks you to draw one set of inferences, while the defendants ask you to draw another. It is a deduction or conclusion which you, the jury, are permitted to draw, but are not required to draw, from the facts which have been established by either direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw. In drawing inferences, you should exercise your common sense.

**DETERMINING THE CREDIBILITY OF WITNESSES**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination. What impression did the

witness give you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear? What was his or her demeanor, that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party. You should consider the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; his or her candor or lack of candor; and his or her intelligence or the lack thereof; and, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon

experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

**IMPEACHMENT OF A WITNESS**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

**CITY EMPLOYEE WITNESSES**

During the trial, you have heard the testimony of a number of witnesses, some of whom are employees of the City of New Haven. The fact that a witness is a city employee does not mean you should give that witness's testimony any greater or lesser weight than that of any other witness. When you consider a city employee's testimony, you should use the same tests for truthfulness that you use with other witnesses.

At the same time, as with any witness, it is legitimate for counsel to attempt to impeach the credibility of a city employee witness, including on the ground that his or her testimony may be colored by a personal or professional interest in the case. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the city employee and to give that testimony whatever weight, if any, you find that it deserves.

**ALL PERSONS STAND EQUAL BEFORE THE LAW**

As you know, this action was brought by a private citizen against employees of the New Haven Police Department. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law, and are to be dealt with as equals in this, a court of justice.

**STATEMENT OF THE CASE**

1.      The plaintiff, Mr. Bryant Williams, brings this case against eleven employees of the New Haven Police Department.  Mr. Williams' claims concern an incident that occurred at 135 Edgewood Avenue in New Haven, Connecticut in October of 1998, during which he was beaten, knocked to the ground and sprayed with pepper spray.  Mr. Williams alleges that defendants, Maio and Rubino used excessive force in connection with his arrest.  Further, Mr. Williams claims that defendants, Johnson, Dejesus, Ortiz, Miller-Tutrani, Runlett, Turner, Streeto, Silk and Emory failed to intervene to protect Mr. Williams from defendants, Maio and Rubino.

Defendants Maio, Rubino, Johsnon, Dejesus, Ortiz, Miller-Tutrani, Runlett, Turner, Streeto, Silk and Emory each deny these allegations and claims.

Let me now address these claims individually.

**VIOLATION OF 42 USC § 1983 USE OF EXCESSIVE FORCE**

Mr. Williams claims that Officers Maio and Rubino violated his constitutional right not to be subjected to use of excessive force by a police officer.  Mr. Williams brings this claim under a federal law, 42 U.S. Code §1983, that provides that a person acting under color of state law who violates a person's rights under the United States Constitution can be held liable for money damages to the person whose rights he or she has violated.

In order to prove this claim, Mr. Williams must prove:

First, that Officers Maio and Rubino were acting under color of state law.

Second, that Officers Maio and Rubino engaged in actions that deprived him of his constitutional right not to be subjected to use of excessive force, and

Third, that Officers Maio and Rubinos' acts were the proximate cause of the injuries or losses claimed by the plaintiff.

The first element, acting under color of state law, is not in dispute.

Police officers get their authority under state law, so they are acting under color of state law when they act in their capacity as police officers.

The second element requires more explanation.  The fourth amendment to the United States Constitution guarantees people the right not to be unreasonably seized by government officials, including police officers.  This right is violated if a police officer subjects a person to excessive force.  The right of a police officer to stop and arrest a person necessarily carries with it the right to use some degree of physical coercion or contact to effect the arrest.  This does not mean, however, that the officer may use excessive amounts of force.

Force is excessive, and use of such force constitutes a violation of a person's rights under

the fourth amendment, if the amount of force used would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that the police officer used such force.  The test is not whether the defendant thought his or her use of force was reasonable, but rather it is an objective standard: would a reasonably competent police officer consider the use of such amount of force under the circumstances at the time the force was used?

Applying this standard requires careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of Officers Maio and Rubino or others, and whether the plaintiff was actively resisting arrest.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20-20 vision of hindsight.

The issue is whether the force used was reasonable, not the officer's intent or frame of mind.  An officer's bad intentions or hostile frame of mind toward the plaintiff will not make a fourth amendment violation out of the use of force that is a reasonable amount of force under the circumstances.  An officer's good intentions will not make constitutional what is, in fact, an unreasonable use of force.

**VIOLATION OF 42 USC § 1983 FAILURE OF POLICE OFFICER TO INTERVENE**

Mr. Williams claims that  Officers Johnson, Dejesus, Ortiz, Miller-Tutrani, Runlett, Turner, Streeto, Silk and Emory violated his constitutional right not to be subjected to use of excessive force by failing to stop Officers Maio and Rubino from using excessive force.  A New Haven Police Department employee, while not violating a person's constitutional rights himself, may still be held liable for the illegal actions of another under certain circumstances.  New Haven Police Department employees have an affirmative duty to stop others from violating citizen's constitutional rights.  Let me now instruct you on the elements of the claim of failure to intervene to prevent the use of excessive force.

The law is that an officer who is present at the scene and who has an opportunity to intervene to prevent use of excessive force is equally liable to Mr. Williams if he fails to take reasonable steps to protect Mr. Williams from another officer's use of excessive force.

Liability for failure to intervene may be imposed only if the officer had a realistic opportunity to intervene in a timely fashion.  You should consider how close the officers were to one another and the rapidity with which the events occurred in making this determination.

**PROXIMATE CAUSE OF INJURIES AND DAMAGES**

If you find that Mr. Williams has proven that one or more of the defendants deprived Mr. Williams of a constitutional right in any of the ways he has alleged, then, for each deprivation of right you find, you should decide if he has proven that the unlawful act which deprived Mr. Williams of his rights was the proximate cause of an injury suffered by him.

An injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or

actually causing the injury, and that that injury was either a direct result or a reasonably probable consequence of the act or omission.

This does not mean that the law recognizes only one proximate cause of an injury, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time either independently or together, to cause injury; and in such a case, each may be a proximate cause.

If you find that Mr. Williams has proven by a preponderance of the evidence that the conduct of a defendant proximately caused an injury to have been suffered by Mr. Williams, then Mr. Williams has proven the third and final element of the Section 1983 claim as to that defendant.

**DAMAGES**

If, after deliberating, you decide that Mr. Williams has proven each element of one or more of his claims as to one or more of the defendants, then you should turn to the issue of damages as to each claim you have found Mr. Williams to have proven as to a defendant. The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages. It is your function to decide the issue of liability; I am instructing you on the elements of damages only so that you will have guidance should you decide that Mr. Williams is entitled to recover damages on a claim. You should not consider the question of damages unless and until you find one or more of the defendants liable to the plaintiff on one or more of his claims.

You should award damages only for those injuries caused by the conduct you find satisfies the elements of a cause of action, in accordance with these instructions. In the event that you find for Mr. Williams on more than one of his claims, you should consider separately the issue of damages with respect to each claim.

There are different types of damages. Let me now explain each type to you.

**COMPENSATORY DAMAGES**

The first type of damages is called compensatory damages. If you decide for the plaintiff on the issue of liability, you must then fix the amount of damages that will reasonably and fairly compensate Mr. Williams for any harm that the wrongful conduct of a defendant was a

substantial factor in bringing about.  These damages are known as compensatory damages. Compensatory damages seek to make a plaintiff whole—that is, to compensate for the damages that Mr. Williams suffered. If you return a verdict in favor of Mr. Williams against a defendant, he is entitled to compensatory damages for the physical injury and emotional pain that he has suffered because of that defendant's conduct.

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress that you determine to be reasonable compensation in the light of all the evidence in this case.  The nature and degree of pain and mental distress may differ widely from person to person.  If you find that Mr. Williams had a pre-existing psychological condition that made him more susceptible to emotional injury than a person in normal health, the defendants are nevertheless responsible for his injuries to the extent to which their violation of the law aggravated that condition.  This is so even though his emotional distress, due to his prior condition, may have been greater than that which would have been suffered by a normal person under the same circumstances.

Damages must be based on the evidence at trial.  On the other hand, the law does not require Mr. Williams to prove the amount of his loss with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

No evidence of the value of such intangible things as mental or emotional distress has been or need be introduced.  In that respect, it is not value you are trying to determine, but rather an amount that will fairly compensate Mr. Williams for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded on account of such elements of

damage.  This is a matter that is left to the conscience, good sense, and sound judgment of the jury.

Generally speaking, in order to award compensatory damages for a given injury or harm, you must find that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by one or more of the defendants in violation of section 1983, 1985, or 1986.  Mr. Williams may recover fair, reasonable, and just compensation for only those elements of damage he has proven were caused by the actions of the defendant that satisfied the elements of the any claim or claims on which you have returned a verdict for Mr. Williams.

You must bear in mind at all times that the burden is on Mr. Williams to prove that any claimed element of damages was proximately caused by a proven wrongful act, as well as to prove the reasonable amount with respect to any such element of damage.

**NOMINAL DAMAGES**

If you find that Mr. Williams has proven a constitutional violation against a defendant, but you find that Mr. Williams has failed to prove by a preponderance of the evidence sufficient facts to support an award of compensatory damages, you must award the plaintiff what are called "nominal damages."  Nominal damages are a token sum, typically one (1) dollar.

You may not award both nominal and compensatory damages on the same claim; either Mr. Williams was measurably injured, in which case you must award compensatory damages, or he was not or you cannot reasonably determine such damages except by engaging in pure speculation and guessing, in which case you must award nominal damages.

**DOUBLE DAMAGES**

I have one final instruction to give you regarding compensatory damages in this case. Later in the instructions, I will instruct you on the verdict form, but it is appropriate to mention one instruction regarding the verdict form now. If you find that Mr. Williams is entitled to compensatory on more than one claim, you should award the full amount of damages that you find he is entitled to under each of the claims, considered independently.

If, in determining the compensatory damages as to any one claim, you include compensatory damages you had already found were damages as to one or more other claims, it would be double counting for the court to award those damages twice by adding up the various awards. You should not worry, however, in determining the compensatory damages as to each claim, that the damages may overlap, or that you may be double counting. If such overlap or double counting occurs, it is something that I will have you take care of at the end of the verdict form.

**PUNITIVE DAMAGES**

If you find that Mr. Williams has proven one or more of his claims against a defendant, after you have awarded compensatory or nominal damages to Mr. Williams for any such claim, then you must decide whether Mr. Williams is also entitled to a separate and additional award of punitive damages against that defendant.

The law permits the jury, under certain circumstances, to award an injured person punitive damages, in order to punish the wrongdoer for some extraordinary conduct and to serve as a warning to others not to, and to deter others from, engaging in such conduct. Punitive

damages, when appropriate, are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

Whether you decide to award punitive damages against a defendant should be based on whether you find that he or she engaged in either:

(1)     malicious violation of Mr. Williams' rights; or

(2)     wanton disregard of Mr. Williams' rights.

By "malicious," I mean that a defendant's actions were prompted by ill will or spite toward Mr. Williams. In determining whether a defendant's conduct was malicious, you must consider what he or she did in light of all the circumstances, for malice is often not susceptible of proof by direct evidence, but may be found as an inference reasonably drawn from all the facts. I said to you also that Mr. Williams is entitled to punitive damages where a defendant's acts are "wanton," and by that I mean here that they were done in reckless or callous disregard of, or indifference to, Mr. Williams' rights. Even if you find that a defendant's behavior was wanton or malicious, whether you decide to award any punitive damages is entirely within your discretion.

If you have determined to award punitive damages for any of Mr. Williams' claims, you must decide what amount to award. The amount of punitive damages that you may award is solely within your discretion. If Mr. Williams has proven a claim against a defendant, and that the actions of that defendant were malicious or wanton as to Mr. Williams, as I have explained those words to you, you should determine the amount, if any, in addition to compensatory or nominal damages that Mr. Williams is entitled to recover from that defendant as punitive

damages for that claim.

Even though you have exclusive control over the amount of punitive damages, in awarding these damages, you must not be influenced by any sympathy, bias, or prejudice with regard to any party to the case.  In determining the amount of punitive damages, should you choose to award them, you must consider the degree of reprehensibility of the defendant's conduct.  You should consider the following factors as part of your decision as to how reprehensible a defendant's conduct was: whether it was violent or presented a threat of violence and whether the defendant acted with trickery, deceit, or intentional malice.  You must also consider the relationship between the amount of punitive damages and the actual harm that defendant inflicted upon Mr. Williams. You must consider whether punitive damages are appropriate, and at what amount, against each defendant separately.  You may decide to award punitive damages against one defendant and not another, even if you find against that both defendants violated Mr. Williams rights.  You may also award different amounts of punitive damages against different defendants.

Remember that Mr. Williams has the burden of proving, by a preponderance of the evidence that a defendant acted with malice or wanton disregard for Mr. Williams' rights.  If Mr. Williams does not prove this, then you should not award any punitive damages against that defendant.

**NOTE TAKING**

I have now concluded the instructions relating to the specific claims in this case. In closing, I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

**CLOSING REMARKS**

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous. If you take a vote during deliberations

and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else. Closing arguments, or other statements or arguments of counsel, are not evidence. If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not partisan. Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations. Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors. Also, do not read or listen to any outside information about the case during your deliberations. And do not try to do any research or make any investigation. And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings the verdict form and exhibits in to you. It will take a few minutes to gather the exhibits. If you want any of the testimony read back to you, you must request that. Please remember that it is not always easy to locate what you might want. It can take a long time to find it, so please consider that. If you feel you really need testimony read

back, be as specific as possible in your request.  Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may, if you can, continue your deliberations while waiting for the answer to any question.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise.  Never disclose any vote count in any note to the court.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you.  Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.

_____/s/_____
Sean K. McElligott