UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BRYANT WILLIAMS** | **CIVIL ACTION** |
| | **NO. 3:01cv1630 (DFM)** |
| **VS.** | |
| **ANTHONY J. MAIO, ET AL** | **SEPTEMBER 18, 2007** |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ANTHONY J. MAIO, CHRISTOPHER A. RUBINO, JOSEPH L. STREETO, STEPHANI L. JOHNSON, EDWIN DEJESUS, MICHAEL ORTIZ, HOLLIE A. TUTRANI (F/K/A MILLER), DAVID K. RUNLETT, KELLY TURNER AND STEVEN G. SILK TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1.    To the extent that paragraph 1 is summarizing plaintiff's claims against these defendants and is setting forth legal conclusions, no response is required. To the extent that the plaintiff in this paragraph is setting forth allegations against these defendants, said material allegations are denied.

2.    The first sentence of paragraph 2 is admitted. As to the second sentence of this paragraph, it is admitted that these defendants were acting under color of law as that term has been defined in the Federal Courts.

3.    Paragraph 3 is only admitted to the extent that on Sunday, October 25, 1998, at approximately 12:34 a.m., the plaintiff was located in the front porch area of the premises known as 135 Edgewood Avenue in New Haven, Connecticut, and, as the remaining portion of this paragraph, these defendants do not have sufficient knowledge of information upon which to form a belief, and therefore leave the plaintiff to his proof.

4. Paragraph 4 is denied as alleged in that it is only admitted that the plaintiff was approached by defendant Maio while he, the plaintiff, was standing on the stairs leading from the sidewalk to the front porch of 135 Edgewood Avenue, and the remaining allegations contained in said paragraph are denied in that it was plaintiff who struck defendant Maio on the left side of his face and head prior to the plaintiff's attempt to flee eastbound on Edgewood Avenue.

5. Paragraph 5 is denied.

6. As to paragraph 6, these defendants do not have sufficient knowledge of information upon which to form a belief, and therefore leave the plaintiff to his proof.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. To the extent that paragraph 9 alleges either expressly or impliedly that defendant Maio initiated or was involved in any physical contact with the plaintiff, including the throwing of a punch, on the front porch of 135 Edgewood Avenue it is denied; defendant Maio does admit that he was involved in a physical struggle attempting to lawfully subdue the plaintiff, that was initiated by the plaintiff, and that took place on the sidewalk and street in front of, or near to 135 Edgewood Avenue; in all other respects said paragraph is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied as alleged in that after defendant Rubino caught up to the plaintiff, after he struck defendant Maio in the face and head and then

attempted to flee, it is admitted that the plaintiff was forcibly taken to the pavement after he struck defendant Rubino in the face, refused verbal commands to stop resisting, and then continued to physically resist and struggle.

12. Paragraph 12 is admitted only to the extent that the plaintiff was brought under physical control, as to the remaining allegations contained in said paragraph, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied as alleged; based on information and belief, it is admitted that Sergeant Emery arrived while the plaintiff was still physically resisting defendants Maio and Rubino.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied as alleged; it is admitted that verbal commands were given to the plaintiff by defendants Maio and Rubino to stop resisting, but that these verbal commands were given while the plaintiff was still physically resisting these officers.

17. Paragraph 17 is denied as alleged; it is admitted that during the course of the plaintiff's physical resistance to defendants Maio's and Rubino's attempt to subdue him, he was sprayed one time with pepper spray by defendant Maio.

18. As to paragraph 18, these defendants do not have sufficient knowledge of information upon which to form a belief, and therefore leave the plaintiff to his proof.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. The responses of these defendants to paragraphs 1 through 22 are hereby made their response to paragraph 23 as if fully set forth herein.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. The responses of these defendants to paragraphs 1 through 22 are hereby made their response to paragraph 26 as if fully set forth herein.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. As to paragraph 30, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. The responses of these defendants to paragraphs 1 through 22 are hereby made their response to paragraph 33 as if fully set forth herein.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. The responses of these defendants to paragraphs 1 through 22 are hereby made their response to paragraph 38 as if fully set forth herein.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

## **FIRST AFFIRMATIVE DEFENSE**

1. At all relevant times, the above-named defendants were government employees whose actions were discretionary, and additionally, one or both of the following would apply:

   (a) the defendants' actions did not violate any of the plaintiff's clearly established rights under the Constitutions and laws of the United States;

   (b) it was objectively reasonable for the defendants to believe that their actions were lawful.

2. The above-named defendants are entitled to qualified immunity from suit for the actions alleged.

**SECOND AFFIRMATIVE DEFENSE**

If the plaintiff's federal claims are disposed of, then this Court lacks jurisdiction over the claim or claims alleged by the plaintiff under the laws of the State of Connecticut, or in the alternative, should decline to exercise jurisdiction over said claim or claims.

**THIRD AFFIRMATIVE DEFENSE**

These defendants assert their common law and statutory immunities and defenses from liability for the actions alleged to have violated the laws of the State of Connecticut.

THE DEFENDANTS, ANTHONY J. MAIO, CHRISTOPHER A. RUBINO, JOSEPH L. STREETO, STEPHANI L. JOHNSON, EDWIN DEJESUS, MICHAEL ORTIZ, HOLLIE A. TUTRANI (f/k/a MILLER), DAVID K. RUNLETT, KELLY TURNER AND STEVEN G. SILK

/s/_____
Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th floor
New Haven, CT  06510
Telephone:  (203) 946-7970
Fax No.:  (203) 946-7942
E-mail:  mwolak@newhavenct.net
Fed. Bar No.:  ct12681
Their Attorney

- 7 -

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was delivered electronically and/or mailed, postage prepaid, on September 18, 2007, to the following counsel of record:

Sean K. McElligott, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT  06604

/s/_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D005\P003\00028767.DOC