UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRYANT WILLIAMS,** | : | |
| | : | **CIVIL ACTION NO.** |
| Plaintiff | : | **3:01CV1630 (AWT)(DFM)** |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. MAIO, CHRISTOPHER A. | : | |
| RUBINO, STEPHANI L. JOHNSON, | : | |
| EDWIN DEJESUS, MICHAEL ORTIZ, | : | |
| HOLLIE A. TUTRANI (f/k/a Miller), | : | |
| DAVID K. RUNLETT, KELLY TURNER, | : | |
| JOSEPH L. STREETO, STEVEN G. SILK | : | |
| and KEVIN EMORY, | : | |
| | : | |
| Defendants. | : | October 3, 2007 |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
REFERENCES TO PLAINTIFF'S CRIMINAL CONVICTION
ARISING OUT OF THE INCIDENT ALLEGED IN THE COMPLAINT**

The plaintiff Bryant Williams, pursuant Federal Rules of Evidence 401, 402, 403, and 404, moves the Court, in limine, to exclude from evidence any documents or testimony regarding the plaintiff's prosecution, conviction and incarceration on criminal charges arising out of the incident alleged in the complaint. As discussed below, such evidence is irrelevant to the issues in this case, highly prejudicial, and inadmissible under the Federal Rules of Evidence and applicable case law. In addition, such evidence is likely to confuse and mislead the jury who will be overwhelmingly influenced by the criminal jury's verdict despite the fact that the issues in the two cases are different. Defendants are entitled to put on evidence regarding Mr. Williams' actions on the night in question because the level of resistance of the arrestee is an

element of the excessive force inquiry. Defendants should not be allowed, however, to inform the jury of the additional fact that another jury found Mr. Williams criminally liable in the incident. The additional fact of conviction by another jury adds nothing to the probative value of the evidence concerning Mr. Williams conduct and is highly prejudicial and confusing to the jury. Instead, the jury should hear the factual evidence presented by both sides regarding what occurred on the night of the incident and determine for itself whether the defendant officers used excessive force, which is the question presented by this case.

I.   **Relevant Facts**

On Sunday October 25, 1998, Mr. Williams was seated on the front porch of the building in which his mother resides located at 135 Edgewood Avenue in New Haven, Connecticut. Defendants Maio and Rubino approached Mr. Williams on the porch. There is a factual dispute about what happened next. Plaintiff alleges that he was attacked by Officer Maio and later by Officer Rubino. Mr. Williams alleges that the remaining officer defendants responded to the scene but failed to intervene to protect him. *See* Plaintiff's Amended Complaint Attached as Exhibit A. Defendants allege that they approached Mr. Williams because of a standing trespassing complaint and that Mr. Williams attacked officers Maio and Rubino. *See* Police Report Attached as Exhibit B.

On July 10, 2000 Mr. Williams was charged with criminal violations as follows:

> First Count: Possession with intent to sell a controlled substance in violation of Conn. Gen. Stat. § 21a-277(b).
> Second Count: Possession with intent to sell a controlled substance within one thousand five hundred feet of the real property of an elementary school in violation of Conn. Gen. Stat. § 21a-278(b).
> Third Count: Causing physical injury to a peace officer [officer Maio] with the intent to prevent the officer from performing his duty and while the officer

was acting in the performance of his duties in violation of Conn. Gen. Stat. § 53a-167c(a)(1).

Fourth Count: Causing physical injury to a peace officer [officer Rubino] with the intent to prevent the officer from performing his duty and while the officer was acting in the performance of his duties in violation of Conn. Gen. Stat. § 53a-167c(a)(1).

Fifth Count: Obstructing, resisting, hindering or endangering a peace officer or officers in the performance of their duties in violation of Conn. Gen. Stat. § 53a-167a.

Sixth Count: Entering or remaining in premises which are posted in a manner prescribed by law or reasonably likely to come to the attention of intruders or fenced or otherwise enclosed in a manner designed to exclude intruders, knowing that he was not licensed or privileged to do so in violation of Conn. Gen. Stat. § 53a-109(a)(1).

The sixth count, criminal trespass, was withdrawn prior to trial, despite the fact that trespass was the proffered reason for the initial police interaction with Mr. Williams. *See* Police Report, Exhibit B, at 1-2. After a five day trial in July of 2000, the jury found Mr. Williams not guilty on the first two counts for possession with intent to distribute and possession with intent to distribute within 1500 feet of a school. The jury found Mr. Williams guilty on the third and fourth counts of assault on a peace officer (one count for Officer Maio and one count for Officer Rubino) and on the sixth count for interfering with a police officer. Mr. Williams was sentenced on August 29, 2000 to twelve years in prison.[1] He is currently incarcerated pursuant to that sentence.

## II.    ARGUMENT

**A.    Evidence Concerning Mr. Williams' Prosecution, Trial, and Conviction is Irrelevant, More Prejudicial than Probative, and Likely to Confuse and Mislead the Jury.**

---

[1] Mr. Williams subsequently entered Alford please to two prior charges and was sentenced to five years to run concurrently with the twelve year sentence.

3

The Second Circuit recently addressed the relationship between an excessive force claim and a conviction for assaulting a police officer in *Sullivan v. Gagnier*, 225 F. 3d 161 (2d. Cir. 2000). The plaintiff in Sullivan brought an excessive force claim against an officer after the plaintiff and the officer were involved in a physical altercation. *Id*. at 163-164. The plaintiff alleged that the police officer was the aggressor and the police officer alleged that he was defending himself against the plaintiff. *Id*. Prior to the commencement of the excessive force action, the plaintiff had been convicted by a jury for striking the officer and with resisting arrest under New York Penal Law §§ 240.26(1) and 205.30. At trial, the District Court ruled that the plaintiff's conviction for striking the officer and resisting arrest precluded holding the officer liable for excessive force up until the time of the arrest. The Second Circuit held that the District Court "erred to the extent that is adopted the view that plaintiff's convictions necessarily precluded a claim that [the officer] used excessive force prior to [the arrest]." *Id*. at 165.

The *Sullivan* panel held that "as our brethren in other Circuits have squarely held, the jury's return of a guilty verdict in state court for resisting arrest and/or other offenses such as assault on a police officer does not necessarily preclude a subsequent claim of excessive force in federal court." *Id*, *citing*, *Donovan v. Thames*, 105 F.3d 291, 295 (6th Cir.1997); *Kane v. Hargis*, 987 F.2d 1005, 1008 (4th Cir.1993); *Vazquez v. Metropolitan Dade County*, 968 F.2d 1101, 1108 (11th Cir.1992); *Courtney v. Reeves*, 635 F.2d 326, 329 (5th Cir.1981); *Ridley v. Leavitt*, 631 F.2d 358, 359 (4th Cir.1980); *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937-38 (9th Cir.1980); *Williams v. Liberty*, 461 F.2d 325, 327 (7th Cir.1972). Recognizing this well-settled rule, defendants in this case never argued that plaintiff's conviction precluded his excessive force claim. The reasoning of the *Sullivan* panel also prevents defendants from using

4

the conviction to poison plaintiff's claims in this case.

In reaching its conclusion that an excessive force claim is not precluded by such a conviction, the *Sullivan* panel cited the standard for proving an excessive force claim. The panel found that "[a] claim that excessive force was used in the course of a seizure is subject to an objective test of reasonableness under the totality of the circumstances, which requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest." *Sullivan*, 225 F. 3d at 165. Under this test, [t]he mere fact that Sullivan was conclusively shown by his prior convictions to have resisted arrest and harassed [the officer defendant] could not foreclose the possibility that the force used by [the officer] in response to Sullivan's misconduct was excessive." *Id*. The Court concluded that "[i]t is clear, therefore, that there is no inherent conflict between a conviction for resisting arrest or harassment of a police officer and a finding that the police officers used excessive force in effectuating the arrest." *Id*.

Accordingly, under the Second Circuit's holding in *Sullivan*, there is no inherent conflict between a conviction for assaulting a police officer and a finding that the police officer used excessive force in making an arrest. In Connecticut, the inquiry concerning the crime of assault on a peace officer is whether the criminal defendant caused physical injury to a peace officer with the intent to prevent the officer from performing his duty. In a federal excessive force claim, the jury is instructed to look at the totality of the circumstances to determine whether the officers used more force than necessary, which requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest. Although the factual

evidence relevant to these two inquiries overlaps, the inquiries themselves are analytically distinct. Nevertheless, as demonstrated by the District Court's holding in *Sullivan*, the possibility of confusing these two analytically distinct issues is great. Accordingly, it would be highly prejudicial to inform the jury that Mr. Williams was convicted for assaulting officers Maio and Rubino. Instead, the jury in this case is required to hear the evidence for itself and reach its own conclusion about what occurred and whether Mr. Williams has proven his claim.

The Federal Code of Evidence establishes that relevant evidence is admissible and irrelevant evidence is inadmissible. Fed. R. Evid. 402. In order to be admissible, relevant evidence must make the existence of any fact that is material to the determination of the proceeding more probable or less probable than it would be without the evidence. The issue in this case is whether the officers involved in this incident used excessive force in their interactions with Mr. Williams. As demonstrated by the Second Circuit's holding in *Sullivan*, the jury's conviction of Mr. Williams, which must be distinguished from Mr. William's conduct itself, has no relevance to this issue. The jury's finding itself does not make the existence or non-existence of excessive force any more probable or less probable.

Even if minimally relevant, evidence concerning Mr. William's conviction is highly prejudicial to plaintiffs and likely to confuse and mislead the jury. Fed. R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Allowing the jury to know that Mr. Williams was convicted of assaulting the officer defendants

will tempt the jury to substitute the criminal jury's judgment for its own.[2] In addition, the facts of the trial and conviction are likely to distract the jury from performing its proper function.

**B.     Conclusion**

      For the foregoing reasons, plaintiff requests that any documents or testimony regarding the plaintiff's prosecution, conviction and incarceration on criminal charges arising out of the incident alleged in the complaint be excluded from evidence

                        THE PLAINTIFF

                        By_____/s/_____
                        Sean K. McElligott Esq. (CT27030)
                        Koskoff, Koskoff & Bieder, P.C.
                        350 Fairfield Avenue, 5th Floor
                        Bridgeport, CT  06604
                        Tele:(203)336-4421
                        Fax: (203)368-3244
                        smcelligott@koskoff.com

---

[2] If a party wants to use testimony from the criminal trial to impeach a witness, the testimony can be referred to as arising in a "previous proceeding," a technique frequently used in re-trials.

## **CERTIFICATION**

I hereby certify that on October 3, 2007 a copy of this motion was filed electronically pursuant to the Court's electronic filing system. Notice of this was sent by e-mail to all parties by operation of the Court's electronic filing system as follows:

Michael A. Wolak, III
Office of Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

　　　　　　　　　　　　　　　　　　　/s/　　　　　　　　　　　
　　　　　　　　　　　　　　　　Sean K. McElligott