UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRYANT WILLIAMS,** | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01CV1630 (AWT)(DFM) |
| | : | |
| v. | : | |
| | : | |
| **ANTHONY J. MAIO, CHRISTOPHER A.** | : | |
| **RUBINO, STEPHANI L. JOHNSON,** | : | |
| **EDWIN DEJESUS, MICHAEL ORTIZ,** | : | |
| **HOLLIE A. TUTRANI (f/k/a Miller),** | : | |
| **DAVID K. RUNLETT, KELLY TURNER,** | : | |
| **JOSEPH L. STREETO, STEVEN G. SILK** | : | |
| **and KEVIN EMORY,** | : | |
| | : | |
| Defendants. | : | October 23, 2007 |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING PRIOR CONVICTIONS UNDER RULE 609

Plaintiff Bryant Williams moves the Court, in limine, for a ruling prohibiting defendants from impeaching him with prejudicial evidence regarding his criminal history. Counsel for Mr. Williams has recently learned that defendants intend to impeach Mr. Williams under Federal Rule of Evidence 609 with all of his felony convictions that are less than ten years old. Impeachment by evidence of these convictions, none of which involve dishonesty or false statements, would add no legitimate probative evidence to defendants' case, and, even with cautionary instructions, would unduly prejudice Mr. Williams by severely jeopardizing the impartiality of the jury. Accordingly, Mr. Williams respectfully urges the Court to rule that defendants may not impeach Mr. Williams with evidence of his convictions.

I.  **Mr. Williams' Convictions Are Inadmissible Under Rule 609(a)(2) Because They Do Not Involve Dishonesty or False Statements.**

Mr. Williams appears to have the following felony convictions within the ten-year time limitation of Rule 609(b)[1]:

(1) Conspiracy for Sale of a Hallucinogen/Narcotic, in violation of Connecticut General Statute § 21a-277(a), on February 20, 2001.
(2) Possession of Narcotics, in violation of Connecticut General Statute § 21a-279(a), on February 20, 2001.
(3) Assault on a Peace Officer in violation of Connecticut General Statute § 53a-167c, two convictions on September 29, 2000.

Under Federal Rules of Evidence Rule 609(a)(2), which was recently amended, a witness's character for truthfulness may be attacked by evidence of a criminal conviction "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). The 2006 Advisory Committee Notes state:

> The amendment provides that Rule 609(a)(2) mandates the admission of evidence of a conviction only when the conviction required the proof of (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement. Evidence of all other convictions is inadmissible under this subsection, irrespective of whether the witness exhibited dishonesty or made a false statement in the process of the commission of the crime of conviction. Thus, evidence that a witness was convicted for a crime of violence, such as murder, is not admissible under Rule 609(a)(2), even if the witness acted deceitfully in the course of committing the crime.
> . . . .
> The amendment requires that the proponent have ready proof that the conviction required the factfinder to find, or the defendant to admit, an act of dishonesty or false statement. Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement. Where the deceitful nature of the crime is not apparent from the statute

---

[1] Rule 609(b) provides that "evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Defendants have stated that they do not intend to impeach Mr. Williams with convictions that are more than ten years old. Defendants have also stated that they will not attempt to impeach Mr. Williams with evidence of his misdemeanor convictions.

> and the face of the judgment – as, for example, where the conviction simply records a finding of guilt for a statutory offense that does not reference deceit expressly – a proponent may offer information such as an indictment, a statement of admitted facts, or jury instructions to show that the factfinder had to find, or the defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted. . . .  But the amendment does not contemplate a "mini-trial" in which the court plumbs the record of the previous proceeding to determine whether the crime was in the nature of crimen falsi.

Fed. R. Evid. 609(a)(2), Advisory Committee Notes on 2006 Amendments.

Mr. Williams' convictions do not satisfy the test for admissibility under Rule 609(a)(2).  The statutory definitions of Mr. Williams' offenses contain no elements of dishonesty or false statement.  In addition, defendants have offered no evidence that the convictions required the factfinder to find, or Mr. Williams to admit, an act of dishonesty or false statement.  Accordingly, the convictions are inadmissible under Rule 609(a)(2).

**II.     Mr. Williams' Felony Convictions Must Be Excluded Under Fed. R. Evid. 609(a)(1) Because Any Probative Value of the Convictions is Substantially Outweighed by the Danger of Unfair Prejudice.**

Felony convictions not admissible under Rule 609(a)(2) may be admitted under Rule 609(a)(1) to attack a witness's character for truthfulness only if the evidence is admissible under Rule 403's balancing test.  Fed. R. Evid. 609(a)(1) ("[E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .").  Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  "The party seeking to introduce evidence of a witness's

conviction under Rule 609 has the burden of showing the court that the conviction should be admitted." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.21 (2d ed. 2005).

Absent an element of dishonesty, the mere fact of a felony conviction sheds little light on the convicted person's character for truthfulness:

> The theory that all convictions are relevant to credibility depends on a two-fold assumption: (1) that a person with a criminal past has a bad general character and (2) that a person with a bad general character is the sort of person who would disregard the obligation to testify truthfully.
>
> Many crimes, however, do not on analysis support the inference that the person who committed them has a specific proclivity for lying on the witness stand.

4 *Weinstein's Federal Evidence* § 609App.100, at 609App.-17. Beyond the minimal probative value of Mr. William's criminal history for the ostensible purpose of impeachment, the undeniable effect of such evidence is to taint Mr. Williams generally. Here again, Judge Weinstein's commentary is apt:

> Aside from the low probative value of some convictions, the divulgence of his criminal past exposes the witness to the hazards of jury prejudice . . . . When the witness is a party, the jury's antipathy may be translated into a finding of guilt or liability without regard to whether the witness committed the charged act.

*Id.* at 609App.-18.

Mr. Williams' felony convictions that are within the time limit of Rule 609(b) – possession and conspiracy to sell narcotics and assault on a peace officer – have little probative value but carry a great risk that the jury will be confused, misled, and unfairly prejudiced against Mr. Williams.

First, convictions for assault plainly have little probative value in an assessment of a witness's character for truthfulness. *See* 4 *Weinstein's Federal Evidence* §

609.05[3][b] ("[C]rimes of violence generally have limited probative value concerning the witness's credibility."); *see also United States v. Turcotte*, 515 F.2d 145 (2d Cir. 1975) (holding that the district court did not abuse its discretion in refusing to allow cross-examination of a witness about his conviction for assault and battery); *United States v. Mahone*, 328 F.Supp.2d 77, 85 (D. Me. 2004) (holding that defendant could not be impeached with conviction for aggravated assault under Rule 609(a)(1) even though the conviction was recent and was dissimilar to charged offense); *United States v. Jenkins*, No. 02 CR. 1384 (RCC), 2003 WL21047761, at *2 (May 8, 2003) (preventing impeachment with conviction for armed robbery under Rule 609(a)(1); *United States v. Grove*, 844 F. Supp. 1495 (D. Utah 1994) (defendant could not be impeached with conviction for aggravated assault under Rule 609(a)(1)); *United States v. Jackson*, 405 F. Supp. 938, 942 (E.D.N.Y. 1975) ("[P]rior assaultive conduct would seem to have little bearing on the likelihood that one will tell the truth.").

Although the probative value of Mr. Williams' assault convictions is weak, the nature of the convictions carries a great risk that Mr. Williams will be unfairly prejudiced by the evidence. Mr. Williams' assault convictions arose from the same incident that is now the subject of this civil trial. By a separate motion, Mr. Williams has sought to preclude any reference at trial to these convictions. *See* Plaintiff's Motion in Limine to Exclude References to Plaintiff's Criminal Conviction Arising Out of the Incident Alleged in the Complaint. As explained in that motion, evidence of Mr. Williams' assault convictions is likely to confuse and mislead the jury who will be influenced by the fact of his conviction despite the differences between the criminal case and this civil case. Moreover, even if the jury is somehow prevented from learning that the assault

convictions arose from the same incident that is the subject of the trial, there is a great risk that the jury will use prohibited propensity reasoning in assessing Mr. Williams' case because of the similarity between the nature of the prior convictions and the defendants' allegations in this civil trial.  *See* 4 *Weinstein's Federal Evidence* § 609.05[2] (noting that in assessing the risk of unfair prejudice courts consider "[t]he degree of similarity between the past crime and any conduct of the witness that is at issue in the present litigation").  Accordingly, defendants should not be permitted to impeach Mr. Williams under Rule 609(a)(1) with evidence of his assault convictions.

In addition, evidence of Mr. Williams' drug convictions are inadmissible under Rule 609(a)(1).  Drug convictions carry little probative value.  *See, e.g., United States v. Begay*, 144 F.3d 1336, 1338 (10th Cir. 1998) ("A conviction for drug possession is not necessarily relevant to credibility and is potentially prejudicial in arousing sentiment against a witness."); *United States v. Hayes*, 553 F.2d 824, 828 n.8 (2d Cir. 1977); *United States v. Puco*, 453 F.2d 539 (2d Cir. 1971).  Although the drug convictions are not probative of Mr. Williams' character for truthfulness, the jurors are likely to have strong feelings about drug crimes and there is a serious risk that Mr. Williams will be prejudiced unfairly as a result of these feelings.  *See United States v. Begay*, 144 F.3d 1336, 1338 (10th Cir. 1998).

Finally, the age of Mr. Williams' convictions and the fact that his testimony is essential to his claim in this case weigh in favor of excluding evidence of the convictions. *See* 4 *Weinstein's Federal Evidence* § 609.05[3][c], at 609-41 ("The probative value of a conviction decreases as its age increases."); *id.* § 609.05[3][e], at 609-43 ("[T]he fact that a defendant's testimony is important to demonstrate the validity of his or her defense

constitutes a factor weighing against the admission of a prior conviction."). For the foregoing reasons, the Court should hold that Mr. Williams' prior felony convictions are inadmissible under Rule 609(a)(1).

### III. Conclusion

For all of the above reasons, Mr. Williams urges the Court to grant his Motion in Limine to Exclude Evidence Regarding Prior Convictions.

                        THE PLAINTIFF,

                        By_____/s/_____
                        Sean K. McElligott Esq. (CT27030)
                        Koskoff, Koskoff & Bieder, P.C.
                        350 Fairfield Avenue, 5th Floor
                        Bridgeport, CT 06604
                        Tele:(203)336-4421
                        Fax: (203)368-3244
                        smcelligott@koskoff.com

## **CERTIFICATION**

I hereby certify that on October 23, 2007 a copy of this motion was filed electronically pursuant to the Court's electronic filing system. Notice of this was sent by e-mail to all parties by operation of the Court's electronic filing system as follows:

Michael A. Wolak, III
Office of Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510

_____/s/_____
Sean K. McElligott