## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**BRYANT WILLIAMS**                                    **NO. 3:01cv01630 (DFM)**

**VS.**

**A.J. MAIO, ET AL**                                   **OCTOBER 24, 2007**

### MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: OTHER MISCONDUCT, OF DEFENDANTS ANTHONY J. MAIO, CHRISTOPHER A. RUBINO, JOSEPH L. STREETO, STEPHANI L. JOHNSON, EDWIN DEJESUS, MICHAEL ORTIZ, HOLLIE A. TUTRANI (F/K/A MILLER), DAVID K. RUNLETT, KELLY TURNER AND STEVEN G. SILK

The defendants move the Court, *in limine*, to bar any evidence of, and prohibit any reference to, alleged "other misconduct" of the defendants, defense witnesses or other New Haven police officers. This memorandum of law is submitted in support of the defendant's motion.

### ARGUMENT:

1.  <u>Evidence Of, Or Reference to, Allegations Of Other Misconduct Should Be Barred Because Such Evidence Is Generally Inadmissible And Highly Prejudicial</u>.

Defendants believe that the plaintiff may attempt to elicit testimony at trial regarding alleged "other misconduct" by police officers. Allegations of "other misconduct" are generally not admissible under Rule 404 of the Federal Rules of Evidence. Evidence of "other crimes, wrongs or acts" is not admissible under Rule 404(b) to prove character or propensity. Fed. R. Evid. 404(b). "Other misconduct" is

admissible only if it is clearly probative of one of the other matters listed in Rule 404(b) and its probative value outweighs its prejudicial effect.  See <u>Ricketts v. City of Hartford</u>, 74 F.3d 1397 (2nd Cir. 1996) (holding trial court did not abuse its discretion in precluding inquiry into prior citizen's complaint against defendant that alleged conduct that was not substantially identical to the conduct at issue);  <u>Berkovich v. Hicks.</u> 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding evidence of prior civilian complaints properly excluded where officer was exonerated on six of seven complaints and complaints did not show *modus operandi* claimed).

Any reference before the jury to irrelevant allegations of "other misconduct" would be severely prejudicial to the defendants.  The defendants submit that, at minimum, the plaintiff should be required to seek the Court's permission out to the hearing of the jury prior to making any reference to alleged "other misconduct."

**<u>CONCLUSION</u>:**

For all the foregoing reasons the defendant's Motion in Limine should be granted in its entirety.

THE DEFENDANTS, ANTHONY J. MAIO, CHRISTOPHER A. RUBINO, JOSEPH L. STREETO, STEPHANI L. JOHNSON, EDWIN DEJESUS, MICHAEL ORTIZ, HOLLIE A. TUTRANI (f/k/a MILLER), DAVID K. RUNLETT, KELLY TURNER AND STEVEN G. SILK

/s/_____

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th floor
New Haven, CT  06510
Telephone:  (203) 946-7970
Fax No.:  (203) 946-7942
E-mail:  mwolak@newhavenct.net
Fed. Bar No.:  ct12681
Their Attorney

## **CERTIFICATION**

**THIS IS TO CERTIFY** that a copy of the foregoing was delivered electronically and/or mailed, postage prepaid, on October 24, 2007, to the following counsel of record:

Sean K. McElligott, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT  06604

/s/_____

Michael A. Wolak, III