UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYANT WILLIAMS, : | |
| : | CIVIL ACTION NO. |
| Plaintiff : | 3:01CV1630 (AWT)(DFM) |
| : | |
| v. : | |
| : | |
| ANTHONY J. MAIO, CHRISTOPHER A. : | |
| RUBINO, : | |
| : | |
| Defendants. : | October 24, 2007 |

## SECOND AMENDED COMPLAINT

1.  This action is brought by the plaintiff pursuant to 42 U.S.C. § 1983 and the common law to redress the violations by defendants of the plaintiff's civil rights secured by the Fourth Amendment to the United States Constitution and the common law. Federal jurisdiction is appropriate in this case pursuant to 28 U.S.C. §§ 1331 and 1343 and venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b).

2.  At all times relevant hereto, the individual defendants were police officers employed by the New Haven Police Department in New Haven, Connecticut. At all times relevant hereto, each defendant acted under color of law.

## FACTS

3.  On or about Sunday October 25, 1998, at 12:30 a.m. plaintiff Bryant Williams was seated on the front porch of the building in which his mother resides located at 135 Edgewood Avenue in New Haven, Connecticut.

4.      Defendants Maio and Rubino approached Mr. Williams on the porch.  Neither Maio nor Rubino attempted to determine whether Mr. Williams lived at the property or whether he had a lawful right to be there.

5.      Defendant Maio approached Mr. Williams and stated, "Come here. We got you now, Gerald."  Mr. Williams, whose first name is "Bryant," has a brother named "Gerald."

6.      On information and belief, Mr. Williams' brother Gerald had a warrant out for his arrest.

7.      Defendant Maio grabbed Mr. Williams by the shirt with his right hand and began to remove Mr. Williams from the porch.

8.      Defendant Maio then dragged Mr. Williams off the front porch of 135 Edgewood Avenue and onto the sidewalk.

9.      Mr. Williams pulled away from the grasp of defendant Maio causing Mr. Williams' shirt to rip.

10.     Defendant Maio then punched Mr. Williams with his left hand, striking Mr. Williams in the right temple area with a closed fist.

11.     Defendant Maio then struck Mr. Williams with his closed right hand, knocking his tooth through his lip.

12.     Defendant Rubino then grappled with Mr. Williams causing the two of them to fall to the ground with Mr. Williams on top of defendant Rubino.

13.     While Mr. Williams was on the ground with defendant Rubino, defendant Maio struck Mr. Williams in the back of the head with a flashlight several times.  Defendant Maio then placed Mr. Williams in a choke hold.   Mr. Williams lost consciousness.

14. When Mr. Williams regained consciousness, he was lying face down on the ground. Defendant Maio had drawn his gun and was pointing it at the back of Mr. Williams' head.

15. While Mr. Williams was lying face down on the ground, defendant Maio screamed at him to stop resisting and stop moving despite the fact that Mr. Williams was not resisting or moving.

16. While Mr. Williams was in the prone position on the ground with a gun pointed at the back of his head, defendant Rubino sprayed Mr. Williams in the face with pepper spray.

17. The pepper spray caused Mr. Williams to gasp for air and struggle for breath.

18. Neither defendant Maio nor defendant Rubino prevented each other from using excessive force on Bryant Williams, despite having the opportunity to do so.

19. As a result of the wrongful conduct of defendants, plaintiff Bryant Williams suffered extensive physical injuries requiring hospitalization.

20. As a result of the wrongful conduct of defendants, plaintiff Bryant Williams suffered extreme pain and suffering and psychological harm.

**FIRST CLAIM FOR RELIEF**

(42 U.S.C. § 1983 Excessive Force against
defendants Maio and Rubino in their individual capacities)

21. Paragraphs 1-22 are incorporated herein.

22. As a result of the excessive force utilized by defendants Maio and Rubino, Mr. Williams was denied his right to freedom from excessive force and unreasonable search and seizure of his person as guaranteed by the Fourth Amendment to the United States Constitution.

23. The acts and omissions set forth above were a substantial factor in causing the severe injuries suffered by Mr. Williams.

## SECOND CLAIM FOR RELIEF

(State Common Law Assault and Battery against
defendants Maio and Rubino in their individual capacities)

24. Paragraphs 1-22 are incorporated herein.

25. Defendants Maio and Rubino intended to cause harmful and offensive contact with Bryant Williams.

26. Defendants Maio and Rubino intended to cause an imminent apprehension of harmful and offensive contact with Bryant Williams.

27. Harmful contact with Bryant Williams resulted.

28. Bryant Williams did not consent to the contact.

29. Defendants Maio and Rubino recklessly disregarded the consequences of their actions.

30. The acts and omissions set forth above were a substantial factor in causing the severe injuries suffered by Mr. Williams.

## THIRD CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress against
defendants Maio and Rubino in their individual capacities)

31. Plaintiffs reallege and incorporate by reference each and every allegation in paragraphs 1 through 22.

32. The defendants intended to inflict emotional distress on Mr. Williams or knew or should have known that distress was the likely result of their conduct.

33. The defendants' conduct was extreme and outrageous.

34. The defendants' conduct was a substantial factor in causing Mr. Williams' emotional distress.

35. The emotional distress sustained by Mr. Williams was severe.

## FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 Failure to Intervene and Protect against
defendants Maio and Rubino in their individual capacities)

36. Plaintiff realleges and incorporates by reference, each and every allegation in Paragraphs 1 through 22.

37. Both defendants Maio and Rubino were aware that the other was using excessive force against Mr. Williams.

38. Each of the defendants named in this claim for relief could have taken action to stop the use of excessive force and to prevent injury to Mr. Williams, but refused and failed to do so.

39. Each defendant failed to protect Mr. Williams from the use of excessive force in violation of the Fourth Amendments to the United States Constitution.

40. The acts and omissions set forth above were a substantial factor in causing the severe injuries suffered by Mr. Williams.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Bryant Williams prays for relief as follows:

1. For compensatory damages according to proof;

2. For punitive damages;

3. For costs and reasonable attorneys fees; and,

4. For such further relief as the Court deems just and proper.

Dated: October 24, 2007

                           THE PLAINTIFF

                           By_____/s/_____
                           Sean K. McElligott Esq. (CT27030)
                           Koskoff, Koskoff & Bieder, P.C.
                           350 Fairfield Avenue, 5th Floor
                           Bridgeport, CT  06604
                           Tele:(203)336-4421
                           Fax: (203)368-3244
                           smcelligott@koskoff.com

## **CERTIFICATION**

I hereby certify that on October 24, 2007 a copy of this First Amended Complaint was filed electronically pursuant to the Court's electronic filing system. Notice of this was sent by e-mail to all parties by operation of the Court's electronic filing system.

_____/s/_____
Sean K. McElligott