UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRYANT WILLIAMS                                      NO. 3:01cv01630 (DFM)

VS.

ANTHONY J. MAIO, ET AL                               OCTOBER 24, 2007

**MEMORANDUM OF LAW OF DEFENDANTS ANTHONY J. MAIO, CHRISTOPHER A. RUBINO, JOSEPH L. STREETO, STEPHANI L. JOHNSON, EDWIN DEJESUS, MICHAEL ORTIZ, HOLLIE A. TUTRANI (F/K/A MILLER), DAVID K. RUNLETT, KELLY TURNER AND STEVEN G. SILK IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO PLAINTIFF'S CRIMINAL CONVICTION ARISING OUT OF THE INCIDENT ALLEGED IN HIS COMPLAINT**

**I.    INTRODUCTION**

Plaintiff has brought this action pursuant to 42. U.S.C. § 1983 alleging violations of his federal civil rights and, in addition, he has also brought various state law claims utilizing pendent jurisdiction.  Specifically, the federal law claims brought by the plaintiff in his amended complaint, dated August 8, 2007, are for excessive force and failure to intervene.  The state law allegations involve claims of assault and battery and intentional infliction of emotional distress.  Plaintiff has now moved, in limine, to exclude references during the trial of this matter to the fact that as a result of events that took place on October 25, 1998, the incident from which plaintiff's action stems, he was convicted at a criminal trial of two counts of an assault on a police officer and of interfering with a police officer.  Under Connecticut law assault on a police officer is a

felony punishable by more than a year in prison.  For the reasons set forth below, the above-named defendants oppose plaintiff's motion in limine.

## II.  LAW AND ARGUMENT

At the outset it should be noted that defendants view the use of this evidence as one of impeachment.  "Either party in a . . . civil case may offer character evidence to impeach a testifying witness if the evidence is relevant and complies with the other requirements for impeachment evidence."  4 Weinstein's Federal Evidence § 404.11[4], at 404-28 (2d. 1977).  While evidence pursuant to Rule 609 of the Federal Rules of Evidence" can be admitted only for the purpose of attacking credibility," admitting this evidence of "witness convictions has been justified on the grounds such evidence helps the trier of fact accurately determine the credibility of a person who might otherwise misleadingly appear to have led a blameless life."  Wright & Gold, Federal Practice and Procedure:  Evidence § 6133.  Or, as in this case, may testify that he was completely "blameless" in this particular incident.

"Under Fed.R.Evid. 609, defendants are entitled to inquire for impeachment purposes into the nature of the crime plaintiff was convicted of, the date of disposition and the sentence imposed, if the conviction meets certain criteria."  (Citations omitted). Martino v. Korch, 131 F.Supp. 2d 313, 315 (D. Conn. 2000).  In the usual circumstance, "Rule 609(a)(1) allows prior convictions to be used for impeachment purposes where the 'crime was punishable by death or imprisonment in excess of one year,' subject to the balancing test of Rule 403."  Id., citing Fed.R.Evid. 609(a)(1).  Fed.R.Evid. 403

permits exclusion of relevant, probative evidence if the probative value of that evidence is 'substantially outweighed' by the danger of unfair prejudice." Ismail v. Cohen, 899 F.2d 183, 188 (2d Cir. 1990).

While "[t]he District Court has 'broad discretion' in making decisions under Fed.R.Evid. 403;" Fletcher v. City of New York, 54 F.Supp. 328, 332 (S.D.N.Y. 1999); "[t]he Second Circuit's 'inclusionary approach' allows the admission of such evidence 'for my relevant purpose' other than to show a defendant's criminal propensity." (Citation omitted). Daniels v. Loizzo, 986 F.Supp. 245, 248 (S.D.N.Y. 1997). "The potentially broad reach of this 'inclusionary' approach, however, is limited by the prejudicial nature of the evidence under Rule 403." (Citation omitted). Id. "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue and (4) the importance of the credibility of the witness." (Citations omitted). Id., at page 250.

The instant case presents a novel twist to the above analysis in that the conviction that is being sought to be excluded arises from the very incident that forms the basis of plaintiff's lawsuit. In this regard plaintiff's reliance on Sullivan v. Gagnier, 225 F.3d 161 (2d Cir. 2000) is misplaced in that the issue in that case was not one of evidence, but whether plaintiff's conviction for assault on a police officer precluded a § 1983 claim for excessive force against a police officer arising out of the same incident. It is unknown at this time what will be the substance of plaintiff's testimony. If the

plaintiff testifies, as his complaint and amended complaint seem to indicate, that he did nothing wrong, then defendants should be permitted to impeach him with his criminal conviction. Without the ability to impeach the plaintiff on this part, if the need arises, the defendant's ability to amount a defense would be compromised.

This is also true to the extent that plaintiff made certain statements during his sentencing that, depending on his testimony at trial, could be used to impeach him. Prior inconsistent statements are generally admissible for impeachment purposes. Santos v. Murdock, 243 F.3d 681, 684 (2d. Cir. 2001). "Where a party has made a prior statement inconsistent with the one the party seeks to advance at trial, a question of credibility arises, which is for the jury, not the judge to assess." Kassim v. City of Schenectady, 415 F.3d 246, 251 (2d. Cir. 2005). Statement need not be diametrically opposed to be inconsistent. United States v. Agajanian, 852 F.2d 56, 58 (2d. Cir. 1988). Plaintiff's proposed motion in limine could foreclose the defendants, depending on the testimony of the plaintiff, from being able to impeach him based on the statements made during his sentencing.

To perform the balancing test set forth above, "the court must know the precise nature" of the testimony of the party sought to be impeached, and accordingly, "whether a specific conviction is admissible for impeachment purposes in an evidentiary decision which must await trial and determination by the trial judge. (Citations omitted). United v. Mullen, 243 F.R.D. 54, 68 (W.D.N.Y. 2006).

### III. CONCLUSION

Plaintiff's limine motion should be denied.

                                      THE DEFENDANTS,
                                      ANTHONY J. MAIO, CHRISTOPHER A. RUBINO, JOSEPH L. STREETO, STEPHANI L. JOHNSON, EDWIN DEJESUS, MICHAEL ORTIZ, HOLLIE A. TUTRANI (f/k/a MILLER), DAVID K. RUNELTT, KELLY TURNER AND STEVEN G. SILK

BY:_____/s/:_____
       Michael A. Wolak, III
       Assistant Corporation Counsel
       City of New Haven
       165 Church Street, 4th Floor
       New Haven, CT  06510
       Tel:  (203) 946-7970
       Fax:  (203) 946-7942
       Mwolak@newhavenct.net
       Fed. Bar #ct12681
       Their Attorney

### CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was delivered electronically and/or mailed, postage prepaid, on October 24, 2007, to the following counsel of record:

Sean K. McElligott, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT  06604

                                      _____/s/:_____
                                           Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D005\P004\00029526.DOC