UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRYANT WILLIAMS                                CIVIL ACTION

VS.                                            NO. 3:01cv01630 (DFM)

ANTHONY J. MAIO, ET AL                         OCTOBER 26, 2007

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ANTHONY J. MAIO, AND CHRISTOPHER A. RUBINO TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1. To the extent that paragraph 1 is summarizing plaintiff's claims against these defendants and is setting forth legal conclusions, no response is required. To the extent that the plaintiff in this paragraph is setting forth allegations against these defendants, said material allegations are denied.

2. The first sentence of paragraph 2 is admitted. As to the second sentence of this paragraph, it is admitted that these defendants were acting under color of law as that term has been defined in the Federal Courts.

### FACTS

3. Paragraph 3 is only admitted to the extent that on Sunday, October 25, 1998, at approximately 12:34 a.m., the plaintiff was located in the front porch area of the premises known as 135 Edgewood Avenue in New Haven, Connecticut, and, to the extent that said paragraph is alleging that these defendants knew at the time of this incident that the plaintiff had a mother who lived at 135 Edgewood Avenue, it is denied.

As to the remaining portion of this paragraph, these defendants do not have sufficient knowledge of information upon which to form a belief, and therefore leave the plaintiff to his proof.

4. Paragraph 4 is admitted only to the extent that the plaintiff was approached by only defendant Maio while he, the plaintiff, was standing on the landing/porch near the stairs leading from the sidewalk to the front porch of 135 Edgewood Avenue, and the remaining portion of said paragraph is denied.

5. Paragraph 5 is denied.

6. As to paragraph 6, these defendants do not have sufficient knowledge of information upon which to form a belief, and therefore leave the plaintiff to his proof.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. As to paragraph 9, though it is admitted that sometime during the plaintiff's attempt to escape from the defendant police officers and/or his struggle with the defendant police officers as he was resisting arrest, his shirt was ripped, the specific allegations contained in paragraph 9 are denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is admitted only to the extent that at some point during the incident there were occasions when the plaintiff and the defendant police officers went to the pavement as the defendant police officers were attempting to bring the plaintiff

under physical control, as to the specific allegations contained in said paragraph, these defendants leave the plaintiff to his proof.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied as alleged in that the plaintiff was vigorously resisting arrest when he was commanded to stop resisting and to stop moving.

16.     Paragraph 16 is denied.

17.     Paragraph 17 is denied as alleged; it is admitted that during the course of the plaintiff's physical resistance to defendants Maio's and Rubino's attempt to subdue him, and while he was still on his feet, he was sprayed with pepper spray one time with pepper spray by defendant Maio.

18.     Paragraph 18 is denied.

19.     Paragraph 19 is denied.

20.     Paragraph 20 is denied.

**FIRST CLAIM FOR RELIEF**

21.     Presuming that it is the intent of the plaintiff it incorporate paragraphs 1 through 20 into paragraph 21, and not paragraphs 1 through 22 as is alleged, the responses of these defendants to paragraphs 1 through 20 are hereby made their response to paragraph 21 as if fully set forth herein.

22.     Paragraph 22 is denied.

23.     Paragraph 23 is denied.

**SECOND CLAIM FOR RELIEF**

24. The responses of these defendants to paragraphs 1 through 22 are hereby made their response to paragraph 24 as if fully set forth herein.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. So much of paragraph 27 as alleges contact between the plaintiff and these defendants is admitted, and, as to whether such contact was harmful, it is denied.

28. As to paragraph 28, these defendants do not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

**THIRD CLAIM FOR RELIEF**

31. The responses of these defendants to paragraphs 1 through 22 are hereby made their response to paragraph 31 as if fully set forth herein.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

**FOURTH CLAIM FOR RELIEF**

36. The responses of these defendants to paragraphs 1 through 22 are hereby made their response to paragraph 36 as if fully set forth herein.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

## **FIRST AFFIRMATIVE DEFENSE**

1. At all relevant times, the above-named defendants were government employees whose actions were discretionary, and additionally, one or both of the following would apply:

(a) the defendants' actions did not violate any of the plaintiff's clearly established rights under the Constitutions and laws of the United States;

(b) it was objectively reasonable for the defendants to believe that their actions were lawful.

2. The above-named defendants are entitled to qualified immunity from suit for the actions alleged.

## **SECOND AFFIRMATIVE DEFENSE**

If the plaintiff's federal claims are disposed of, then this Court lacks jurisdiction over the claim or claims alleged by the plaintiff under the laws of the State of Connecticut, or in the alternative, should decline to exercise jurisdiction over said claim or claims.

## THIRD AFFIRMATIVE DEFENSE

These defendants assert their common law and statutory immunities and defenses from liability for the actions alleged to have violated the laws of the State of Connecticut.

**The defendants claim trial by jury**.

```
                                    THE DEFENDANTS, ANTHONY J. MAIO
                                    AND CHRISTOPHER A. RUBINO


                                    /s/_____
                                       Michael A. Wolak, III
                                       Assistant Corporation Counsel
                                       City of New Haven
                                       165 Church Street, 4th floor
                                       New Haven, CT  06510
                                       Telephone:  (203) 946-7970
                                       Fax No.:  (203) 946-7942
                                       E-mail:  mwolak@newhavenct.net
                                       Fed. Bar No.:  ct12681
                                       Their Attorney
```

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was delivered electronically and/or mailed, postage prepaid, on October 26, 2007, to the following counsel of record:

Sean K. McElligott, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT  06604

```
                                    /s/_____
                                       Michael A. Wolak, III
```

J:\CYCOM32\WPDOCS\D005\P003\00028767.DOC