UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BRYANT WILLIAMS** | **NO. 3:01cv01630 (DFM)** |
| VS. | |
| **ANTHONY J. MAIO and** | |
| **CHRISTOPHER A. RUBINO** | **OCTOBER 26, 2007** |

### JOINT PROPOSED JURY INSTRUCTIONS

### I.

Mr. Williams claims that Officers Maio and Rubino violated his constitutional right not to be subjected to use of excessive force by a police officer. The plaintiff's claim is brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act. This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights. It provides a legal basis for a person whose federal rights have been violated by a state or local official to sue the official for money damages. Specifically, Section 1983 provides that:

> Every person who, under color of any statute…of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish his claim under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

(1) that the defendants acted under color of state law;

(2) that the conduct of either defendant, or both, deprived him of a right secured by the Constitution of the United States; and

(3) that the actions of either defendant, or both, was the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut State law. Both sides agree that, on the day of the incident, the defendants were acting in their capacity as members of the New Haven Police Department, and therefore, they were acting under color of state law. Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that either defendant, or both, deprived him of a constitutional right, and that the conduct of a defendant, or both, proximately caused his injuries and damages. In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that the defendants had any specific intent to deprive the plaintiff of a constitutional right in order for you to find for the plaintiff. The plaintiff is entitled to relief if the defendants, or either of them, intended to perform the act or actions, which resulted in a violation of his rights. He is also entitled to relief if the defendants, or either of them, acted with a reckless disregard of his rights. Reckless disregard of a plaintiff's rights means not caring whether or not those rights were being violated. However, if a defendant acted negligently, mistakenly, or inadvertently, then he cannot be said to have violated a plaintiff's rights.

**Authority:**

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.

>Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.
>
>Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).
>
>Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.
>
>Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.
>
>Connecticut jury Instructions (civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.
>
>Brower v. County of Inyo, 489 U.S. 593, 596 (1989).
>
>Adopted from the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

## II.

The plaintiff claims that the defendants violated his Fourth Amendment right not be subjected to unreasonable force. Under the Fourth Amendment, a police officer may use reasonable force in an investigatory stop or arrest, but the Fourth Amendment prohibits the use of unreasonable force.

You first must determine whether the defendants, or any of them, committed the alleged acts.

To determine whether a defendant's act or act caused the plaintiff to suffer the loss of a constitutional right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances. The reasonableness inquiry is an objective one. The test is not whether a defendant thought his use of force was

reasonable, but rather it is an objective standard: would a reasonably competent police officer consider the use of such amount of force as was used?

Applying this standard requires careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of Officers Maio and Rubino or others, and whether the plaintiff was actively resisting arrest. The issue is whether the officer's action was objectively reasonable in light of the facts and circumstances confronting him, regardless of his subjective intent. The concept of reasonableness makes allowances for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly involving – about the amount of force that is necessary in a particular situation. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight.

If you find that a defendant's use of force was unreasonable; your verdict on this claim must be for the plaintiff and against that defendant. If you find that a defendant's use of force was not unreasonable; you must return a verdict for that defendant on this claim.

**Authority:**

>Adapted from the instruction given by the Hon. Donna F. Martinez, Magistrate Judge, in Mathog v. Reyes, Civil Action No. 3:03cv1452 (DFM), which was itself adapted from 5 L. Sand et al., Modern Federal Jury Instructions, Instruction 87-74C (2005); Graham v. O'Connor, 490 U.S. 386, 393-396 (1989); 4 Schwartz and Pratt, Section 1983 Litigation Jury Instructions, § 7.01 (2004 Supp.)
>
>.

**III.**

The plaintiff in this case also asserts under § 1983 that each of the defendants failed to intercede on plaintiff's behalf when he was being subjected to the use of unreasonable force by the other defendant police officer. A New Haven Police Department employee, while not violating a person's constitutional rights himself, may still be held liable for the illegal actions of another under certain circumstances. New Haven Police Department employees have an affirmative duty to stop others from violating citizen's constitutional rights. Thus, as a predicate to considering this claim against the defendants, you must have previously concluded that the plaintiff's right to be free from unreasonable force had been violated.

A law enforcement officer has an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated by the use of unreasonable force in his presence by another officer. However, the officer cannot be found liable for a failure to intervene unless he had a realistic opportunity to prevent the violation. Thus, in order to be held liable for a failure to intervene, the plaintiff must prove, first, that the other defendant officer knew that plaintiff's constitutional right was being violated and second, that the defendant officer who the plaintiff claims failed to intervene was in such a position that he realistically had sufficient time and opportunity to intervene. While a police officer is not a guarantor of a citizen's safety against the use of unreasonable force by another police officer, he can be found liable for deliberately choosing not to make a reasonable attempt to stop that other police officer.

**Authority:**

> Adapted from the instruction given by the Hon. Alvin W. Thompson in Handy v. Emery, Civil Action No. 3:97cv108 (AWT)
>
> O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988).

## IV.

There are two defendants in this action. Each defendant is being sued individually. While the evidence may in whole or in part be relevant and material to the question of more than one defendant's liability, you must decide the case against each named defendant separately and you must not let your decisions on claims against one defendant affect your decisions concerning another.

**Authority:**

> Devitt, Blackmar and Wolff, 3 Federal Jury Practice and Instructions § 71.06 (4th ed. 1987).

## V.

If you find that Mr. Williams has proven that one or more of the defendants deprived Mr. Williams of a constitutional right in any of the ways he has alleged, then, for each deprivation of right you find, you should decide if he has proven that the unlawful act which deprived Mr. Williams of his rights was the proximate cause of an injury suffered by him.

An injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury, and that that injury was either a direct result or a reasonably probable consequence of the act or omission.

This does not mean that the law recognizes only one proximate cause of an injury, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time either independently or together, to cause injury; and in such a case, each may be a proximate cause.

If you find that Mr. Williams has proven by a preponderance of the evidence that the conduct of a defendant proximately caused an injury to have been suffered by Mr. Williams, then Mr. Williams has proven the third and final element of the Section 1983 claim as to that defendant.

**Authority:**

    Adapted from the instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

*THE PLAINTIFF HAS ALSO MADE CLAIMS BASED ON CONNECTICUT LAW THAT I WILL NOW DISCUSS WITH YOU.*

### VI.

Plaintiffs have brought a claim against Officer for an assault. An assault is sometimes termed an incomplete battery. Battery is a term that I will discuss with you shortly, and the term assault is often mistakenly used by both courts and laypersons to describe what would be more appropriately labeled a battery.

An assault is defined as **any attempt** with force or violence to do bodily offense to another, coupled with the present ability to complete the act. Assault does not require a touching, but merely a threat or gesture. An assault cannot be accomplished by words alone, but there must be an overt act evidencing some bodily threat.

Plaintiff, in order to prevail in this claim, must prove by a preponderance of the evidence that:

    1.    Either defendant, or both of them, placed the plaintiff in apprehension or fear; and

   2. Either defendant, or both of them, had the present apparent ability to cause physical harm to the plaintiff which impinged upon the consciousness of the plaintiff.

  If the plaintiff fails to prove either of these elements, then he cannot succeed on an assault claim. If the plaintiff proves all of these elements by a preponderance of the evidence against any defendant, he has succeeded on his assault claim against that defendant.

  Also, with respect with this state law claim by the plaintiffs, you should also keep in mind that pursuant to Section 53a-22 of the Connecticut General Statutes, a police officer is justified in using physical force upon another person when and to the extent that he reasonably believes such to be necessary to affect an arrest or to defend himself while effecting or attempting to effect an arrest.

**Authority:**

  Wright, Fitzgerald and Ankerman, Conn. Law of Torts (3rd Ed.), §§6, 7 and 8.

  Connecticut General Statutes, Section 53a-22.

  Martyn v. Donlin, 151 Conn. 402 (1964)

## VII.

  Plaintiff is also claiming, under Connecticut law, to recover damages for injuries which he alleges were physically inflicted upon him by each defendant, or both of them, that is, plaintiff is bringing a claim based upon what is ordinarily spoken of as a battery.

  An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or

indirectly results. The law recognizes that varying degrees of intentionality will support a claim for assault and battery. In other words, an actionable assault and battery may be one committed willfully or voluntarily, and therefore intentionally or one done under circumstances showing a reckless disregard of consequences; or one committed negligently.

A police officer's authority to use reasonable force in furtherance of his duties is set forth in Connecticut General Statutes Section 53a-22b. That statute states in relevant part: "a peace officer . . . is justified in using physical force upon another person when and to the extent that he reasonably believes such to be necessary to effect an arrest, or prevent the escape from custody of a person whom he reasonably believes to have committed an offense, unless he knows that the arrest or custody is unauthorized." Accordingly, you can consider as to each defendant whether they used reasonable force as was necessary in the perceived need to maintain law and order. If you so find, then you cannot find that a defendant, or both of them, as the case may be, committed an unlawful battery. If the force used by the officer was unreasonable, however, you can find that the officer committed a battery against Mr. Wiliams.

**Authority:**

>Adapted from the instruction given by the Hon. Warren W. Eginton, Senior Judge, in <u>Margaret Zaluski v. Angel Valentin</u>, Civil Action No. 3:97 cv 987 on May 23, 2001.

## VIII.

Plaintiff has also brought a state law claim against the defendants for what is known as "intentional infliction of emotional distress." To prevail on this claim, Mr. Williams must prove by a preponderance of the evidence:

     (1)    that either defendant, or both, intended to inflict emotional distress or that either one, or both, knew or should have known that emotional distress was a likely result of their conduct;

     (2)    that the conduct of either defendant, or both, was extreme and outrageous;

     (3)    that the conduct of either defendant, or both, was the cause of the plaintiff's distress; and

     (4)    that the emotional distress sustained by the plaintiff was severe.

While analyzing the evidence that has been presented with respect to this claim, you must be ever mindful that liability for intentional infliction of emotional distress requires that you find that the conduct of the particular defendant that you are considering exceeded all bounds usually tolerated by decent society, and was of a nature that was especially calculated to cause, and did cause, mental distress of a very serious kind. Thus, it is the intent to cause injury that is the material or significant element of this cause of action. Mere insults, indignities, or annoyances that are not extreme or outrageous will not suffice to support a claim for intentional infliction of emotional distress. You, the jury, must draw a line between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility.

**Authority:**

    Peytan v. Ellis, 200 Conn. 243, 253 (1986)

    DeLaurentis v. New Haven, 220 Conn. 225, 267 (1991)

    Brown v. Ellis, 40 Con. Sup. 165, 166 (1984)

    Whelan v. Whelan, 41 Conn. Sup. 519, 522-23 (1991)

Adapted from a similar instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

## **IX.**

If you find that either defendant, or both, to be liable to the plaintiff based on his federal Section 1983 claims or on either of the state-law claims, then you shall consider the issue of damages. The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded. This is a determination which is left entirely to you, the jury. I am instructing you on the principles governing damage awards so that, in the event you should find the defendant liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof. That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of his damages. And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of the conduct of either defendant or both of them.

There are two kinds of damages that you may consider – compensatory and punitive damages.

### A.  **Compensatory Damages**

Compensatory damages represent a sum of money that will fairly, adequately, and reasonably compensate a person for harm proximately caused by another's conduct. With respect to Mr. Williams, compensatory damages may be awarded for any physical injury and emotional harm that he suffered during and after the events at issue in this case, including: money actually spent or debts incurred as a result of the injury; lost earnings; pain and suffering,

emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiff has suffered or that you find the plaintiff will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiff insofar as money will compensate him for the damages that he has sustained. Determining damages in a case of this sort involves a certain degree of estimation. Often, certain types of damages cannot be proven with mathematical certainty. You have to apply sound judgment and common sense in reaching the proper amount of damages. However, there must be evidence to establish damages with at least a reasonable degree of certainty. You are not to guess or speculate what the damages were or will be. You must use you best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which he is entitled.

### B. Avoiding Duplicative Damages

Because this case involves multiple claims under federal and state law, I would caution you that the plaintiff may be compensated only once for an injury. You should not award compensatory damages more than once for the same injury, even though the injury may have been caused by a violation of different rights. In other words, for example, if you find that two of Mr. William's claims each provide theories for compensating one distinct injury, then Mr. Williams is only entitled to recover once for that injury. For example, if a plaintiff were to prevail on both of his claims and establishes that he suffered a $50 injury, you could not award him $50 in compensatory damages per claim – for a total of $100. Rather, you would only award him a $50 total. With respect to compensatory damages, the plaintiff is only entitled to be

made whole again, not recover more than he or she has lost. Of course, if the plaintiff proves liability on more than one claim and different injuries are attributed to different claims, then you must compensate him fully for all of his injuries.

### C. Nominal Damages

If you find that either defendant, or both, violated the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of his constitutional rights having been violated by either defendant, or both, then the plaintiff is entitled to nominal damages for that loss. Nominal damages, however, are generally set in the amount of $10.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation. Therefore, if you find that the plaintiff has suffered no damages as a result of the conduct of the defendant other than the fact of a constitutional deprivation, then you must award nominal damages of $10.00. I caution you, however, not to consider the award of $10.00 as trivial.

### D. Punitive Damages

I advised you earlier that there are two kinds of damages. The second is known as punitive damages. Punitive damages are available to the plaintiff for both his federal and state claims. If you find that the defendant is liable on the plaintiff's federal Section 1983 claim, you will be asked whether punitive damages are warranted and the amount. On the plaintiff's state-law claims, you will be only asked whether or not to award punitive damages. If you find that punitive damages should be awarded against either defendant, or both, on the state-law claims, the amount will be determined in a separate proceeding.

[Punitive Damages – Federal Civil Rights Violations]

Before you can award punitive damages, you must first have decided to award the plaintiff compensatory or nominal damages for the plaintiff's federal civil rights claims. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful conduct. In deciding whether to award punitive damages, you should consider whether you find that either defendant, or both, engaged in any of the following conduct:

  1. Willful or malicious violation of the plaintiff's constitutional rights;

  2. An intentional act by either defendant, or both, in gross disregard of the plaintiff's rights; or

  3. Reckless disregard by either defendant, or both, as to whether there was a violation of the plaintiff's rights.

In deciding whether to award punitive damages, you should consider whether you find by a preponderance of the evidence that either defendant, or both, acted maliciously or with reckless indifference to Mr. William's rights or interests. An act is done maliciously if it is prompted by a bad motive, such as ill will or spite toward the plaintiff. An act is done with reckless indifference if a defendant, or either of them, knew or should have known that the plaintiff's rights or interests would be harmed by the acts. Your decision should be based on whether you find that the defendant acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiff's interests.

  [Punitive Damages – State Law]

If you have decided to award the plaintiff compensatory damages for either of his state claims of assault and battery and intentional infliction of emotional distress, you may also consider awarding punitive damages for either of the state law claims. The standard for awarding punitive damages under state law is distinct from the standard for awarding punitive damages under federal law. In order to recover them, the plaintiff must prove more than an invasion of his rights; he must prove that the wrong done him arose from hatred or ill will towards him, or from malice, that is, from some improper or unjustifiable motive or intent; or that either defendant, or both, acted wantonly, that is, was aware or should have been aware, from their knowledge of the circumstances, that the conduct would naturally or probably harm the plaintiff. If the plaintiff has proven to you that the conduct of either defendant, or both of them, had any one of these characteristics, then he is entitled to punitive damages on his state law claim or claims, against either defendant, or both, as the case may be. If you decide that the plaintiff is entitled to punitive damages on either of his state law claims, the court will determine the amount of damages in a separate proceeding. So, on the verdict sheet that you will be given, you will only be asked whether or not to award punitive damages on these claims.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or nominal damages on his federal claim or claims and compensatory damages on his state law claim or claims. Because punitive damages are an exceptional award, granted only in cases of extreme or outrageous misconduct, you must also bear in mind that the law requires that punitive damages, if awarded,

must be awarded with calm discretion and sound reason. They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

**Authority:**

    Adapted from the instruction given by the Hon. William K. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG), with additional language from <u>Connecticut Jury Instructions (Civil)</u>, Fourth Edition, Section 256 a. and b., p. 481; Wright and Ankerman.

                          RESPECTFULLY SUBMITTED:

By: _____/s/_____
      Sean K. McElligott, Esq.
      Koskoff, Koskoff & Bieder, P.C.
      350 Fairfield Avenue, 5th Follor
      Bridgeport, CT 06604
      Tel.: (203) 336-4421
      Fax: (203) 368-3244
      smcelligott@koskoff.com
      Attorney for the Plaintiff

By: _____/s/_____
      Michael A. Wolak, III
      Assistant Corporation Counsel
      City of New Haven
      165 Church Street, 4th Floor
      New Haven, CT 06510
      Tel.: (203) 946-7970
      Fax: (203) 946-7942
      mwolak@newhavenct.net
      Attorney for the Defendants