UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRYANT WILLIAMS                         NO. 3:01cv01630 (DFM)

VS.

ANTHONY J. MAIO, ET AL                  OCTOBER 30, 2007

**MEMORANDUM OF LAW OF DEFENDANTS ANTHONY J. MAIO AND CHRISTOPHER A. RUBINO, IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO PLAINTIFF'S PRIOR CRIMINAL CONVICTIONS**

**I.     INTRODUCTION**

Plaintiff has brought this action pursuant to 42. U.S.C. § 1983 alleging violations of his federal civil rights and, in addition, he has also brought various state law claims utilizing pendent jurisdiction. Specifically, the federal law claims brought by the plaintiff in his second amended complaint, dated October 24, 2007, are for excessive force and failure to intervene. The state law allegations involve claims of assault and battery and intentional infliction of emotional distress. Plaintiff has now moved, in limine, to exclude references during the trial of this matter of his prior felony convictions. For the reasons set forth below, the above-named defendants oppose plaintiff's motion in limine.

**II.    LAW AND ARGUMENT**

At the outset it should be noted that defendants view the use of this evidence as one of impeachment. "Either party in a . . . civil case may offer character evidence to impeach a testifying witness if the evidence is relevant and complies with the other requirements for impeachment evidence." 4 Weinstein's Federal Evidence § 404.11[4],

-2-

at 404-28 (2d. 1977).  While evidence pursuant to Rule 609 of the Federal Rules of Evidence" can be admitted only for the purpose of attacking credibility," admitting this evidence of "witness convictions has been justified on the grounds such evidence helps the trier of fact accurately determine the credibility of a person who might otherwise misleadingly appear to have led a blameless life."  Wright & Gold, Federal Practice and Procedure:  Evidence § 6133.

"Under Fed.R.Evid. 609, defendants are entitled to inquire for impeachment purposes into the nature of the crime plaintiff was convicted of, the date of disposition and the sentence imposed, if the conviction meets certain criteria."  (Citations omitted).  Martino v. Korch, 131 F.Supp. 2d 313, 315 (D. Conn. 2000).  In the usual circumstance, "Rule 609(a)(1) allows prior convictions to be used for impeachment purposes where the 'crime was punishable by death or imprisonment in excess of one year,' subject to the balancing test of Rule 403."  Id., citing Fed.R.Evid. 609(a)(1).  Fed.R.Evid. 403 permits exclusion of relevant, probative evidence if the probative value of that evidence is 'substantially outweighed' by the danger of unfair prejudice."  Ismail v. Cohen, 899 F.2d 183, 188 (2d Cir. 1990).

While "[t]he District Court has 'broad discretion' in making decisions under Fed.R.Evid. 403;" Fletcher v. City of New York, 54 F.Supp. 328, 332 (S.D.N.Y. 1999); "[t]he Second Circuit's 'inclusionary approach' allows the admission of such evidence 'for my relevant purpose' other than to show a defendant's criminal propensity."  (Citation omitted).  Daniels v. Loizzo, 986 F.Supp. 245, 248 (S.D.N.Y. 1997).  "The

-3-

potentially broad reach of this 'inclusionary' approach, however, is limited by the prejudicial nature of the evidence under Rule 403." (Citation omitted). Id. "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue and (4) the importance of the credibility of the witness." (Citations omitted). Id., at page 250.

Without the ability to impeach the plaintiff, if the need arises, the defendants' ability to amount a defense would be compromised. Plaintiff's proposed motion in limine could foreclose the defendants, depending on the testimony of the plaintiff, from being able to impeach him. To perform the balancing test set forth above, "the court must know the precise nature" of the testimony of the party sought to be impeached, and accordingly, "whether a specific conviction is admissible for impeachment purposes in an evidentiary decision which must await trial and determination by the trial judge. (Citations omitted). United v. Mullen, 243 F.R.D. 54, 68 (W.D.N.Y. 2006).

### III. CONCLUSION

Plaintiff's limine motion should be denied.

THE DEFENDANTS,
ANTHONY J. MAIO AND CHRISTOPHER A. RUBINO


BY:_____/s/:_____
    Michael A. Wolak, III
    Assistant Corporation Counsel
    City of New Haven
    165 Church Street, 4th Floor
    New Haven, CT  06510
    Tel:  (203) 946-7970
    Fax:  (203) 946-7942
    Mwolak@newhavenct.net
    Fed. Bar #ct12681
    Their Attorney


## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was delivered electronically and/or mailed, postage prepaid, on October 30, 2007, to the following counsel of record:

Sean K. McElligott, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT  06604

_____/s/:_____
Michael A. Wolak, III

J:\CYCOM32\WPDOCS\D005\P004\00029526.DOC

-4-