**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

BRYANT WILLIAMS

      **Plaintiff**                            **CIVIL NO.**

VS.                                 **3:01cv01630 (DFM)**

ANTHONY J. MAIO and
CHRISTOPHER A. RUBINO               **NOVEMBER 1, 2007**

      **Defendants**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO REDACT THE WORD ASSAULT FROM PORTIONS OF HOSPITAL RECORD

Plaintiff will be introducing into evidence at the trial of this matter the hospital record from the Hospital of Saint Raphael that pertains to the treatment that he received at that facility on October 25, 1998. Defendants object to those portions of the hospital record that make reference to the term "assault" or "assaulted" and request that they be redacted. At the very least, defendants seek the redaction of the term "ASSAULT" that is contained under the "Final Diagnosis" section of the hospital record. Defendants believe that this is prejudicial to them as it seems to imply, and it could convey to the jury, that a medical professional at the hospital has reached the conclusion that the plaintiff was indeed assaulted as he claims.

Pursuant to Rule 803(4) of the Federal Rules of Evidence, statements made to medical professionals and recorded for purposes of diagnosis and treatment are admissible. O'Gee v. Dobbs Houses, Inc., 570 F.2d 1084, 1089 (2d Cir. 1978). Rule 803(4) provides as follows:

"Statements made for the purposes of medical diagnosis or treatment and describing medical history or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof *insofar as reasonably pertinent to diagnosis or treatment*" are not excluded by the hearsay rule (emphasis added).

However, self serving statements do not come within the ambit of this exception to the hearsay rule.  Attawab v. Gurdich, 2007 WL 2120405, *9, (Irizarry, J.) (E.D.N.Y. July 23, 2007).

In Attawab the statement by the petitioner "in the medical records that he 'was beaten up by cops' was clearly not admissible because it was not made for purposes of diagnosis and treatment."  Id. (Citations omitted).  Similarly, but closer to the facts of this particular issue, is Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981), where the doctor's diagnosis in the hospital record of "[m]ultiple contusions and hematoma consistent with excessive force" was objected to by the defendants as being "self-serving, unfairly prejudicial and an invasion of the province of the jury." At 664 F.2d 204.  The Roberts court found that statements regarding the cause of the condition, if pertinent to the diagnosis or treatment, are admissible, however, statements regarding fault do not fall within the exception of Rule 803(4).  Id.  "While a statement that the injuries resulted from 'force' or 'trauma' might be admissible in some circumstances, the conclusion that 'excessive force' was used was properly excluded here." Id., at page 205.

Even if evidence is relevant, Rule 403 of the Federal Rules of Evidence would call for its exclusion if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." "'Unfair prejudice . . . means an undue tendency to suggest decision on an

improper basis, commonly, though not necessarily, an emotional one.'" <u>Old Chief v. United States</u>, 519 U.S. 172, 180, 117 S.Ct. 644 (1997), citing Committee notes to Rule 403.  Also, the potential of the medical records that contain self serving statements can mislead the jury can, and outweigh their probative value.  See <u>Attawab v. Gurdich</u>, supra, at page *9.  Additionally, the confusion element comes into play due to the notation of "Assault" in the diagnosis section appearing to be in different handwriting than the handwriting on the rest the page.

Lastly, it can be postulated that a "diagnosis" of "assault" is not a diagnosis at all but rather a legal conclusion and therefore, not reasonably pertinent. *Black's Law Dictionary*, 7th edition, defines "assault" as "the threat or use of force on another that causes that person to have a reasonable apprehension of imminent harmful or offense contact." Assault, therefore, is not even the correct "legal conclusion" for a diagnosis of physical trauma since assault as defined is simply fear.

Defendants motion in limine should be granted and references to assault or assaulted in the Hospital of Saint Raphael hospital record should be redacted, or at the very least, the reference to assault in the diagnosis section should be redacted.

THE DEFENDANTS, ANTHONY J.
MAIO AND CHRISTOPHER A. RUBINO


/s/_____

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street, 4th floor
New Haven, CT  06510
Telephone:  (203) 946-7970
Fax No.:  (203) 946-7942
E-mail: mwolak@newhavenct.net
Fed. Bar No.:  ct12681
Their Attorney


## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was delivered electronically and/or mailed, postage prepaid, on November 1, 2007, to the following counsel of record:

Sean K. McElligott, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT  06604


/s/_____

Michael A. Wolak, III