UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRYANT WILLIAMS,                :
                                :
    Plaintiff,                  :
                                :
    v.                          :    CASE NO. 3:01CV1630(DFM)
                                :
ANTHONY J. MAIO AND             :
CHRISTOPHER RUBINO,             :
                                :
    Defendants.                 :

RULING ON PLAINTIFF'S SECOND MOTION IN LIMINE

Pending before the court is the plaintiff's motion in limine (doc. #50) in which the plaintiff seeks a court order prohibiting the defendants from impeaching him with his criminal history of his felony convictions less than ten years old. The plaintiff argues that the convictions are inadmissible under Rule 609(a)(1)[1] because any probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The felony convictions at issue are:

(1) Conspiracy for Sale of a Hallucinogen/Narcotic in violation of Conn. Gen. Stat. § 21a-277(a), on February 20, 2001.

(2) Possession of Narcotics in violation of Conn. Gen. Stat. § 21a-279(a) on February 20, 2001.

---

[1] Rule 609 (a)(1) states in relevant part: "For the purpose of attacking the character for truthfulness of a witness . . . evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

"When a party seeks to impeach an accused with a felony conviction that does not involve dishonesty or false statement, the court may admit the prior conviction if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." 4 Weinstein's Federal Evidence § 609.05[3][a] (2d ed. 2007).  Before admitting such evidence, the Court must determine whether, under Rule 403, the probative value of the conviction outweighs any possible prejudice resulting from the introduction of such evidence.  Fed. R. Evid. 403.[2]  This balancing requires an analysis of four factors: (1) the impeachment value of the prior crime; (2) the remoteness of the prior conviction; (3) the similarity of the past crime to the conduct at issue; and (4) the importance of the credibility of the witness. See Daniels v. Loizzo, 986 F. Supp. 245, 250 (S.D.N.Y. 1997).  "A district court is granted wide discretion in assessing the probative value and prejudicial impact of such evidence." Haynes v. Kanaitis, No. Civ. 3:99CV2551(CFD), 2004 WL 717115, at *1 (D. Conn. Mar. 3, 2004).

Defendants seek to introduce the conspiracy conviction as

---

[2]"Evidence is unfairly prejudicial in the Rule 403 sense not simply because it hurts a party's case; rather, evidence is unfairly prejudicial when it would influence the jury to decide the case on an improper basis. See Fed.R.Evid. 403 advisory committee's note ('Unfair prejudice ... means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.')." Cummings v. Malone, 995 F.2d 817, 824 (8th Cir. 1993).

impeachment evidence and cite as support for their argument the district court's decision in Haynes v. Kanaitis, No. Civ. 3:99CV2551(CFD), 2004 WL 717115, at *1 (D. Conn. Mar. 3, 2004). In that case, the court considered whether felony charges of sale of narcotics and possession of narcotics should be admitted under Rule 609(a)(1). The court concluded that the probative value of evidence of the conviction of sale of narcotics "is not substantially outweighed by the danger of unfair prejudice. Accordingly, the plaintiff's motion to preclude evidence with respect to this conviction for impeachment of the plaintiff is denied, and the defendants may cross-examine [plaintiff] concerning this conviction should he testify." Accord United States v. Whitley, No. 04 CR 1381(RCC), 2005 WL 2105535, *3 (S.D.N.Y. Aug. 31, 2005) (holding that prior conviction for narcotics trafficking admissible for the purpose of attacking credibility under Rule 609(a) because "'a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie.'") (citing United States v. Ortiz, 553 F.2d 782, 784 (2d Cir. 1977)).

With regard to the possession of narcotics conviction, the court determined that "probative value of evidence of this conviction is substantially outweighed by the danger of unfair prejudice." The court noted that the "probative value as to

3

credibility is not significant as it involves only possession of narcotics." Id.

The court is persuaded by the analysis in Haynes v. Kanaitis and accordingly, the plaintiff's motion in limine to preclude reference to the plaintiff's conspiracy conviction is denied and the motion in limine to preclude reference to the plaintiff's possession conviction is granted.

SO ORDERED at Hartford, Connecticut this 5th day of November, 2007.

>        _____/s/_____
>        Donna F. Martinez
>        United States Magistrate Judge